# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **AARON CLARK,** | Case No. 2:08CV982 |
| Plaintiff, | |
| v. | |
| **THE WALT DISNEY COMPANY; JAKKS PACIFIC, INC.; PLAY ALONG TOYS; KB TOYS; AMAZON.COM; and TOYS 'R US,** | |
| Defendants. | |

## BRIEF OF DEFENDANT THE WALT DISNEY COMPANY IN SUPPORT OF

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2)

## FOR LACK OF PERSONAL JURISDICTION

Defendant The Walt Disney Company ("TWDC") respectfully submits this motion seeking an Order dismissing all of the claims asserted against it in the above-entitled action pursuant to Federal Rule of Civil Procedure 12(b)(2). The basis for this motion is set forth in the accompanying Memorandum of Law.

Dated: January 23, 2009

Respectfully submitted,

By: /s/ *Michael C. Lueder*
Michael C. Lueder
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WE 53202
Tel: (414) 297-4900
Trial Attorney

/s/ *Grant E. Kinsel*
Grant Kinsel
(Pro Hac Vice)
Foley & Lardner LLP
555 South Flower St., Suite 3500
Los Angeles, CA 90071
Tel: (213) 972-4500
*Attorneys for JAKKS Pacific, Inc., Play Along Toys, KB Toys, Toys "R" Us, and The Walt Disney Company*

LACA_2091545.2

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................................ 1

III.  ARGUMENT ....................................................................................................... 3

    A.  Clark Bears The Burden Of Establishing Personal Jurisdiction ............................ 3

    B.  This Court Does Not Have General Jurisdiction Over TWDC .............................. 3

    C.  This Court Does Not Have Specific Jurisdiction Over TWDC .............................. 5

        1.  Clark Cannot Satisfy The Ohio Long-Arm Statute ................................. 5

        2.  The Exercise Of Personal Jurisdiction Is Outside Due Process
            Limits ................................................................................................. 6

            a)  TWDC Has Not Availed Itself of the Privilege of Acting in
                Ohio ............................................................................................. 7

            b)  Clark's Claims Do Not Arise from Any of TWDC's
                Activities in Ohio—TWDC has None .......................................... 8

            c)  Clark's Claims Are Not Substantially Connected to Ohio ............. 8

IV.  CONCLUSION .................................................................................................... 9

CERTIFICATE OF SERVICE ....................................................................................... 1

TABLE OF CONTENTS ................................................................................................. i

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544 (6th Cir. 2007) ..................3, 5, 7

*Asahi Metals Indus., Ltd. v. Superior Court of California,* 480 U.S. 102 ......................................8

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002.) ............................................................................8

*Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472 (6th Cir. 2003)....................7, 8

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)................................................................5, 8

*Burnham v. Superior Court*, 495 U.S. 604 (1990)............................................................................4

*Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996) ........................................................8

*Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269 (6th Cir. 1998)......................................................8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ....................................5

*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)..........................3, 7

*Intera Corporation v. Henderson*, 428 F.3d 605 (6th Cir. 2005) ....................................................4

*Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901 (6th Cir. 1988) ..................................................5

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002) ......................................7

*Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) ..............................................5

*Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110 (6th Cir. 1994) ......................................3

*Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212 (6th Cir. 1989) ........................................3

*World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980)................................................5


**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Fed. R. Civ. Proc. 12(b)(2) ..........................................................................................................1, 3

Fed.R.Civ.Proc. 12(b)(6) ................................................................................................................9

§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)............................................................................2

ii

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

*Ohio Rev. Code Ann.* §§ 2307.381 ................................................................................4

Ohio Rev. Code Ann. § 2307.382(a) ...............................................................................6

R.C. § 4165.02 ...............................................................................................................2

LACA_2091545.2

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant The Walt Disney Company ("TWDC") respectfully submits this memorandum of law in support of its Motion to Dismiss all claims asserted by Plaintiff Aaron Clark ("Clark") in the above entitled action pursuant to Fed. R. Civ. Proc. 12(b)(2).

## I.    INTRODUCTION

In this patent infringement action, Clark asserts that the Court has personal jurisdiction over TWDC.  Clark bears the burden of affirmatively proving personal jurisdiction over TWDC, a burden that Clark simply cannot carry.  Federal due process requires that TWDC be shown to either have had continuous and systematic contacts with Ohio—referred to as general jurisdiction—or to have purposely availed itself of the benefits and protections of Ohio's laws in a manner closely connected with Clark's claims—referred to as specific jurisdiction.  Clark can prove neither.

TWDC is a holding company.  TWDC is incorporated in Delaware and maintains its offices in New York and Burbank, California.  TWDC has no contacts with Ohio.  TWDC conducts no business in Ohio.  TWDC has no offices in Ohio.  TWDC has no employees, no agent for service of process, and no property in Ohio.  Moreover, TWDC does not, and never has, made, used, sold, offered for sale, or imported for sale any of the products accused of infringement in this case.   As such, there simply is no basis for asserting personal jurisdiction over TWDC.  TWDC's motion must be granted and the Complaint must be dismissed as to TWDC.

## II.    FACTUAL BACKGROUND

Clark alleges that TWDC infringes U.S. Patent No. 5,548,272 (the "'272 patent") entitled *Talking Poster* by "manufacturing, distributing, importing, selling, and/or offering for sale the Hannah Montana Talking Poster and Cheetah Girls Talking Poster and/or other Posters which

embody the subject matter claimed in the 272 Patent."[1] (Complaint, ¶41). In addition to his claims for patent infringement, Clark alleges that the acts of infringement "constitute[] false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. §1125(a)" and "deceptive trade practices . . . in violation of O.R.C. § 4165.02." (*Id.* at ¶¶ 59, 68). The only—and incorrect—assertion Clark makes as to why jurisdiction is appropriate over TWDC is a reference to a webpage in an affidavit attached to the Complaint. (*See,* Complaint at Ex. G, ¶ 17.) The affidavit states that the website, *http://disneyshopping.go.com* (the "Website"), listed one of the Accused Posters for sale.

Clark has not and cannot allege—let alone prove—any facts to support his claim that the Court has personal jurisdiction over TWDC. As stated in the accompanying declaration of TWDC's Vice President of Governance Administration, Marsha Reed ("Reed Decl.") (attached hereto as Exhibit "1"), TWDC is a holding company that does not have any contacts with the State of Ohio and has never been in the business of making, using, selling, offering to sell or importing for sale the Accused Posters. (Reed Decl., ¶ 3.) TWDC does not and never has hosted the Website, and does not, and never has, sold products through the Website. (Reed Decl., ¶ 6.) Additionally, TWDC is registered to do business only in California, New York, and Delaware, and has offices only in California and New York. (Reed Decl., ¶ 4.) TWDC is not registered to do business in Ohio, and does not have any offices, employees, real property, telephone listings, bank accounts, or even an agent for service of process in Ohio. (Reed Decl., ¶¶ 4 and 5.)

/ / /

/ / /

/ / /

---

[1] The accused Hannah Montana and Cheetah Girls posters are hereafter collectively referred to as the "Accused Posters."

LACA_2091545.2

## III.    ARGUMENT

### A.    Clark Bears The Burden Of Establishing Personal Jurisdiction

Clark bears the burden of establishing personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Clark must do more than allege facts showing the *possibility* that jurisdiction exists. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). Rather, Clark must *prove* that TWDC is subject to personal jurisdiction in the Southern District of Ohio "by affidavit or otherwise [with] . . . *specific facts* showing that the court has jurisdiction." *Id.* (emphasis added), citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974).

Where—as in this case alleging patent infringement—a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 31 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Personal jurisdiction can be either specific or general. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). Here, Clark fails to allege *any facts* supporting the exercise of either general or specific jurisdiction over TWDC, and the facts demonstrate that there is no basis for jurisdiction over TWDC.

### B.    This Court Does Not Have General Jurisdiction Over TWDC

General jurisdiction exists when a defendant's contacts with the forum state are of such a *continuous and systematic nature* that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contact with the state. *Intera Corporation v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). Because general jurisdiction

3

allows a court to exercise power over a nonresident without regard to the subject of the claim asserted, a finding of general jurisdiction requires a very strong showing of contacts with the forum state. To justify the exercise of general jurisdiction, a defendant's contacts must be so wide-ranging that they, in essence, take the place of a physical presence in the form state as a basis for jurisdiction. *Burnham v. Superior Court*, 495 U.S. 604, 618 (1990). In Ohio, courts may assert general jurisdiction over a corporation if that corporation: (1) transacts business in the State of Ohio or (2) consents to jurisdiction in the State of Ohio. *Ohio Rev. Code Ann.* §§ 2307.381; 2307.382(A)(1); 2307.39.

Clark's Complaint is devoid of any allegations regarding TWDC's alleged contacts with Ohio such that this Court could exercise general jurisdiction. Nor could any such allegations be made, let alone proven, because at all times relevant to Clark's allegations, TWDC:

- has not conducted any business in Ohio;

- has not been incorporated in Ohio;

- has not been qualified or registered to do business as a foreign corporation in Ohio;

- has not had any offices or other places of business in Ohio;

- has not appointed agent for service of process in Ohio;

- has not owned any real property in Ohio;

- has not maintained any telephone listings in Ohio;

- has not maintained any bank accounts in Ohio;

- has not consented to jurisdiction in Ohio.

(Reed Decl., ¶¶ 4-5.)

In short, TWDC is simply not present in any way, shape, or form in the State of Ohio. Indeed, far from having "continuous and systematic contacts," TWDC has *no contacts* with the State of Ohio, precluding courts in Ohio from exercising general jurisdiction over TWDC. *Id.*;

4

*see, generally, Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-412 & 414-418 (1984); *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952).

**C.   This Court Does Not Have Specific Jurisdiction Over TWDC**

Clark cannot establish specific personal jurisdiction over TWDC.  Specific jurisdiction exists only where the defendant has "purposely directed" its activities at residents of the forum state *and* "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Although the related contacts required need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being subjected to the jurisdiction of the forum state.  *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 287, 297 (1980).

Federal courts must look to the law of the forum state to determine the reach of the district court's specific personal jurisdiction over parties, subject to constitutional due process requirements.  *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 909 (6th Cir. 1988).  This requires that the Court first determine whether Ohio's long-arm statute authorizes the exercise of jurisdiction over TWDC, and if so, whether the exercise of that jurisdiction comports with Constitutional due process. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).

**1.   *Clark Cannot Satisfy The Ohio Long-Arm Statute***

The Ohio long-arm statute is not implicated by any action allegedly taken by TWDC. The statute provides, in pertinent part:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; (2) Contracting to supply services or goods in this state; (3) Causing tortious injury by an act or omission in this state; (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or

5

consumed or services rendered in this state; (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state; (8) Having an interest in, using, or possessing real property in this state.

Ohio Rev. Code Ann. § 2307.382(a).

TWDC is not subject to jurisdiction under the Ohio long arm statute for the simple reason that TWDC has **never** made, used, sold, offered for sale or imported any of the Accused Posters. Period. As a consequence, TWDC has not transacted business, has not contracted to supply goods, and has not committed a tort in the State of Ohio, thereby making the long arm statute inapplicable.

Clark will, no doubt, rely on the Website as purportedly demonstrating that TWDC offered the Accused Posters for sale in Ohio. This incorrect allegation is simply a result of Clark's failure to investigate. TWDC does not now and has never hosted the Website. (Reed Decl., ¶ 6.) TWDC does not now and has never sold products through the Website. (Reed Decl., ¶ 6.) As stated, TWDC is a holding company. It owns stock in a variety of corporations operating in, among others, the fields of entertainment, recreation, and consumer products. It does not make, use, sell, offer for sale or import *any* products including specifically the Accused Posters. (Reed Decl., ¶ 3.) TWDC also does not engage in any sales or advertising activity of any kind, including within the State of Ohio. (Reed Decl., ¶ 7.)

## 2. *The Exercise Of Personal Jurisdiction Is Outside Due Process Limits*

Even if the Ohio long-arm statute stretched far enough to reach TWDC—which it manifestly does not—exercise of jurisdiction over TWDC would be well outside the bounds of due process. Due process mandates that personal jurisdiction be exercised only if TWDC has sufficient minimum contacts with the State of Ohio so that summoning TWDC to this forum

6

would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316,(1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The Sixth Circuit uses a three-part test to determine whether personal jurisdiction may properly be exercised over an out-of-state defendant: (a) the defendant must purposefully avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (b) the cause of action must arise from the defendant's activities in the forum state; and (c) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.* 503 F.3d 544 (6th Cir. 2007), citing *Capital Southern Machine Company v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Clark cannot satisfy any of these prongs, let alone all three.

*a)*      *TWDC Has Not Availed Itself of the Privilege of Acting in Ohio*

Purposeful availment means a "deliberate undertaking" to do or cause an act or thing to be done in the forum state; something more than a "passive availment" of the forum state's opportunities. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002); *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 478-479 (6th Cir. 2003). The purposeful availment requirement is satisfied only when the defendant's contacts with the forum state "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State," and when the defendant's conduct and connection with the forum state are such that he "should reasonably anticipate being haled into court there." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75, 105 S.Ct. 2174 (1985)).[2]

---

[2] The "purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a

LACA_2091545.2

As discussed above, the business activities of TWDC are extremely limited and *none* of those extremely limited activities extend to the State of Ohio. TWDC has simply not conducted any business here, and even if one assumes for the sake of argument that Clark acquired an Accused Poster in Ohio, TWDC had no role in the making, using, selling, offering for sale or importing for sale of that product. (Reed Decl., ¶¶ 3-7.) Moreover, the fact that TWDC does not host or operate the Website, as a matter of law, requires a finding that TWDC did not purposefully avail itself through the Website. *Bridgeport Music, Inc. v. Still N The Water Publishing*, 327 F.3d 472, 483 (6th Cir. 2003) (failure to prove that defendant hosted or operated website fatal to showing of personal jurisdiction). Accordingly, Clark cannot demonstrate the first prong.

> b) *Clark's Claims Do Not Arise from Any of TWDC's Activities in Ohio—TWDC has None*

Clark's claims do not even meet the "lenient" threshold for this element. *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002.) Clark's claims cannot meet this second prong for the simple reason that TWDC does not do business, and has no activities of any kind, in Ohio. (Reed Decl., ¶¶ 3-7.) Thus, Clark cannot show that his claims arise from any activities by TWDC in this State.

> c) *Clark's Claims Are Not Substantially Connected to Ohio*

Similarly, Clark cannot show that his claims are substantially connected to Ohio. Clark's Complaint alleges claims for patent infringement and false advertising. While Clark has also thrown in a makeweight claim for violation of the Ohio Deceptive Trade Practices Act, this case

---

third person.'" *Burger King,* 471 U.S. at 475 (internal citation omitted); *Bridgeport Music,* 327 F.3d at 478-479. The focus in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1274 (6th Cir. 1998).

LACA_2091545.2

will be controlled by Federal law.[3]  Moreover, that Clark is a resident of Ohio is not sufficient to establish a substantial connection to the forum state.  As described above, TWDC has no contacts minimum or otherwise in Ohio.

Because Clark cannot establish any prongs of the minimum contacts test, let alone all three, this Court lacks personal jurisdiction over TWDC.

## IV.   CONCLUSION

For the foregoing reasons, this Court should dismiss Clark's Complaint against TWDC for lack of personal jurisdiction over TWDC.

Dated:  January 23, 2009

Respectfully submitted,

By:  /s/ *Michael C. Lueder*
Michael C. Lueder
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WE 53202
Tel:  (414) 297-4900
Trial Attorney

/s/ *Grant E. Kinsel*
Grant Kinsel
(Pro Hac Vice)
Foley & Lardner LLP
555 South Flower St.,  Suite 3500
Los Angeles, CA  90071
Tel: (213) 972-4500
*Attorneys for JAKKS Pacific, Inc., Play Along Toys, KB Toys, Toys "R" Us, and The Walt Disney Company*

---

[3] The other defendants in this action filed a motion to dismiss pursuant to Fed. R. Civ.P. 12(b)(6).  That motion is pending.

LACA_2091545.2

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: January 23, 2009                    /s/ Grant E. Kinsel

| | |
|---|---|
| Brian Edward Dickerson<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Upper Arlington , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>bdickerson@dickerson-law.com<br><br>Kevin R Conners<br>5003 Horizons Drive Suite 101<br>Columbus , OH 43220<br>614-562-5877<br>kevinconners@kevinconners.com<br><br>Sharlene I Chance<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Columbus , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>schance@dickerson-law.com | Attorneys for Plaintiff Aaron Clark |

1