UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AARON CLARK,** | Case No. 2:08CV982 |
| Plaintiff, | |
| v. | |
| THE WALT DISNEY COMPANY; JAKKS PACIFIC, INC.; PLAY ALONG TOYS; KB TOYS; AMAZON.COM; and TOYS 'R US, | |
| Defendants. | |

## RULE 26(f) REPORT OF PARTIES

LACA_2101730.1

Dockets.Justia.com

1.  Pursuant to Federal Rule of Civil Procedure 26(f), the parties exchanged proposed drafts of a scheduling order. Plaintiff was represented by Sharlene Chance and Brian Dickerson. All Defendants were represented by Grant Kinsel.

2.  ***Consent to Magistrate Judge:***

The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

3.  ***Initial Disclosures:***

*Plaintiff's Proposal:*

Plaintiff proposes that the parties exchange initial disclosures required by Rule 26(a)(1) on or before February 19, 2009.

*Defendants' Proposal*

Defendants JAKKS Pacific, Inc, Play Along Toys, and Toys "R" Us have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant The Walt Disney Company ("TWDC") has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). The Defendants believe that in light of these pending motions, and in particular TWDC's motion, it would be inappropriate to exchange initial disclosures until such time as those motions are resolved.

4.  ***Jurisdiction and Venue:***

    a.  <u>Contested Jurisdictional Issues:</u>

As stated above, TWDC has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) on the grounds that the Court lacks personal jurisdiction over TWDC.

    b.  <u>Jurisdictional Discovery:</u>

*TWDC's Position:*

TWDC does not believe any discovery is necessary as the lack of jurisdiction is clear.

*Plaintiff's Position*:

Plaintiff disagrees with TWDC's belief that discovery is not necessary due to the lack of jurisdiction. Although TWDC has attached the affidavit of Marsha L. Reed to its Rule 12(b)(2) Motion to Dismiss declaring that TWDC does not and never has sold or offered to sell the infringing posters through its website, Plaintiff's Complaint provides evidence that is in direct contradiction of the affidavit which demonstrates retail sales by Disney.com (which is owned by TWDC) of the infringing posters.

    c.    <u>Jurisdictional Motions</u>:

TWDC filed its motion on January 23, 2009.

5. ***Amendments to Pleadings and/or Joinder of Parties***

*Defendants' Position*:

Defendants believe that Plaintiff was obligated to identify the parties against whom he believed he had a claim ***prior*** to filing his complaint. Moreover, given the fact that the manufacturer of the products has already been named and responded to the complaint, Defendants do not believe a long amendment period is appropriate, and, therefore, suggest March 15, 2009.

*Plaintiff's Position*:

If, as the Defendants propose, it would be in inappropriate to exchange initial disclosures until such time as the Defendants' Motion to Dismiss are resolved, Plaintiff opposes the date of March 15, 2009 as the date to file motion/stipulations to amend pleadings or to add additional parties. Both parties shall amend their respective pleadings and join any parties within two months after Rule 26(f) conference or no later than April 5, 2009, with reserving the right to amend pursuant to any Court Order ruling on the outstanding Motions. If Defendants obtain a

stay on discovery and initial disclosures, then the amendments of pleadings/joinder of parties are extended or stayed.

6. ***Recommended Discovery Plan***:

   a. <u>Subjects of Discovery</u>:

   *Plaintiff's position*:

Plaintiff will seek discovery with respect to, but not limited to:

- Defendants' affirmative defenses;
- Any and all agreements among the parties regarding licensing and sales;
- All sale records and licensing records and payments;
- Documentaary evidence, both paper and electronic;
- Research and development documents;
- Manufacturing and production specifications;
- Internal memoranda;
- Samples of prototypes;
- Marketing and advertising materials, including;
- Financial information, including Financial Statements, Ledgers and Sales Histories; and
- All electronic communication regarding the above

Plaintiff reserves the right to amend scope during discovery.

   *Defendants' position*:

   Defendants will seek discovery with respect to, at least, the following subjects:

- The invalidity of the patents-in-suit;
- The scope and meaning of the claim terms in the patents-in-suit;
- Plaintiff's purported damages;

4

- Defendants' affirmative defenses.

　　　b.　**Changes to the Federal Rules of Civil Procedure:**

The parties do not propose changes to the limits placed on discovery by the Federal Rules of Civil Procedure.

　　　c.　**Production of Electronically Stored Documents:**

The parties agree to produce documents in hard copy format, as .tiff images, or in native format at the option of the producing party. The parties agree that metadata will not be produced, but will be preserved and may be requested on a document-by-document basis.

　　　d.　**Privilege Issues:**

The parties agree to enter into a stipulated protective order to protect the confidentiality of information produced in this case. Moreover, the parties agree that to the extent privileged documents or other material is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver and with the production of a privilege log.

　　　e.　**Deferred Discovery:**

*Plaintiff's Position:*

As Plaintiff does not believe that Defendants' Motion to Dismiss will be granted based on Plaintiff's well-pleaded Complaint, Plaintiff opposes the stay of all discovery pending this Court's resolution of Defendants' Motions to Dismiss. Therefore, Plaintiff proposes the following discovery schedule:

- Discovery Requests: Both Plaintiff and Defendants shall be permitted to serve their initial Requests for Production of Documents pursuant to Fed.R.Civ.P. 34, and Interrogatories pursuant to Fed.R.Civ.P. 33 and Requests for Admission pursuant to Fed.R.Civ.P. 36 sixty days after the final responsive memorandum,

pursuant to S.D. Ohio. Loc. R. 7.2, is filed related to the Defendants' respective Motions to Dismiss and all initial written discovery shall be served at the latest by July 1, 2009.

- Oral Depositions: Both Plaintiff and Defendants shall be permitted to conduct oral deposition and serve their Notices of deposition, pursuant to Fed.R.Civ.P. 30, after the Court rules on Defendants' Motions to Dismiss. Depositions shall commence after this time at mutually convenient dates and times.

- Subpoenas: Both Plaintiff and Defendants shall be permitted to serve subpoenas upon any third party witnesses seeking the production of documents and until after the Court rules on Defendants' Motion to Dismiss on any third-party witnesses seeking to be deposed.

*Defendants' Position:*

Defendants believe that all discovery should be stayed pending the resolution of Defendants' motions. Defendants strongly believe that both motions to dismiss will be granted, and to the extent that they are, the case will be over. Consequently, Defendants believe that discovery should be stayed until such time as the motions are resolved. To the extent that the Court believes discovery should not be stayed, Defendants believe discovery should begin immediately as provided under the Federal Rules of Civil Procedure.

    f.    <u>Phased Discovery</u>:

The parties do not believe that discovery should be phased.

    g.    <u>Expert Testimony</u>:

Plaintiff believes expert testimony will be required. Defendants disagree. The parties agree to the following schedule to the extent that expert discovery is required:

LACA_2101730.1

- The party with the burden of proof at trial shall serve its opening expert report(s) pursuant to Fed.R.Civ.P 26(a)(2) no later than 2 months before the close of discovery.

- Rebuttal reports, pursuant to Fed.R.Civ.P. 26(a)(2), shall be served no later than 1 month before the close of discovery.

- Depositions, if any, shall commence after disclosure of written expert reports.

- The parties reserve the right to seek or to schedule additional discovery as may become necessary, so long as it is completed prior to 30 days of scheduled trial date or such other date as the Court may set.

7. ***Dispositive motion(s)***

*Plaintiff's Position:*

Defendants' Motions to Dismiss are misplaced and premature. Any dispositive motions as to claim construction should become relevant after completion of discovery. Both Plaintiff and Defendant shall file all potentially dispositive motions within 1 month subsequent to the close of discovery.

*Defendants' Position:*

Defendants believe their motions to dismiss are dispositive. But to the extent that the Defendants' pending motions do not dispose entirely of this case, Defendants propose that all dispositive motions be filed 30 days prior to the scheduled trial date.

Defendants do not believe that a separate claim construction proceeding will be necessary. Defendants believe that the claims of the patents-in-suit can be construed in connection with Defendants' pending motions, or, in necessary, Defendants' summary judgment motion.

LACA_2101730.1

8. ***Settlement Discussions***:

*Plaintiff's Position:*

Plaintiff has countered to Defendants' nuisance value settlement offer. Plaintiff of course does not believe that his Complaint is a nuisance or frivolous and believes that settlement may become relevant once Defendants' dispositive motions are denied.

*Defendants' Position:*

Defendants have made a strictly nuisance value settlement offer to Plaintiff, which offer Plaintiff rejected. Defendants strongly believe that this is a frivolous action, and, therefore, are not at this point willing to make any additional settlement offers.

9. ***Settlement Week Referral***:

*Plaintiff's Position:*

When Defendants' Motions to Dismiss have been denied, referral of this case for Settlement Week is possible.

*Defendants' Position:*

Defendants do not believe a settlement week is appropriate. As stated above, Defendants believe this case is frivolous and filed in violation of Rule 11. Short of a dismissal by Plaintiff and payment of Defendants' attorneys' fees, Defendants do not believe any settlement is possible.

Dated: January 29, 2009                    Respectfully submitted,

By: /s/ *Michael C. Lueder*
Michael C. Lueder
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WE 53202
Tel: (414) 297-4900
Trial Attorney

/s/ *Grant E. Kinsel*
Grant Kinsel
(Pro Hac Vice)
Foley & Lardner LLP
555 South Flower St., Suite 3500
Los Angeles, CA 90071
Tel: (213) 972-4500
*Attorneys for JAKKS Pacific, Inc., Play Along Toys, KB Toys, Toys "R" Us, and The Walt Disney Company*


By: /s/ *Brian E. Dickerson*
Brian E. Dickerson (0069227)
Sharlene I. Chance (0070999)
Kevin R. Conners (0042012)
The Dickerson Law Group, P.A.
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Tel: (614) 339-5370
*Attorneys for Plaintiff Aaron Clark*

LACA_2101730.1