## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRIC OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **AARON CLARK,** | : | |
| | : | |
| *Plaintiff,* | : | |
| **v.** | : | **Case No. 2:08CV982** |
| | : | |
| **THE WALT DISNEY COMPANY, et al.,** | : | **Judge Holschuh** |
| *Defendants.* | : | **Magistrate Judge Abel** |

## PLAINTIFF AARON CLARK'S MOTION TO STIKE DECLARATION OF GRANT KINSEL FILED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Now comes Plaintiff, Aaron Clark ("Plaintiff") by and though undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(f), respectfully submits this Motion to Strike the Declaration of Grant Kinsel attached to and filed in support of Defendants JAKKS Pacific, Inc.'s ("JAKKS"), Play Along Toys ("PAT") and Toys "R" Us' (collectively "Defendants") Motion to Dismiss (Doc. 11). For the reasons set forth in the accompanying Memorandum in Support, Mr. Kinsel's Declaration should be stricken as immaterial and superfluous.

Respectfully submitted,

**THE DICKERSON LAW GROUP, P.A.**

/s/ Brian E. Dickerson
Brian E. Dickerson      (0069227)
Sharlene I. Chance      (0070999)
Kevin R. Conners      (0042012)
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile: (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
kconners@dickerson-law.com
*Attorneys for Plaintiff Aaron Clark*

**MEMORANDUM IN SUPPORT**

Plaintiff's Motion to Strike raises the issue as to the admissibility of the evidence offered in Mr. Kinsel's declaration and the competency of Mr. Kinsel to testify to the matters as it pertains to matters outside the record in support of Defendants' Motion to Dismiss. This Honorable Court has discretion to disregard facts which would not be admissible in evidence, and to rely on those facts which are competent evidence. *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 228 (6th Cir. 1966).

When deciding a motion to dismiss for failure to state a claim, a court generally considers only the complaint and not any material beyond the pleadings. *See*, *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("The Rule 12(b)(6) pleading requirement for a complaint for infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent."). *See also*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 12(b)(6), by its terms, refers to statements in Plaintiff's Complaint. Extraneous matters in declarations, affidavits or otherwise may not be introduced in support of a motion to dismiss. *See*, *Notes of Advisory*, Fed.R.Civ.P. 12(b). Mr. Kinsel's Declaration and the exhibits attached are extraneous material beyond the pleadings.

As such, based on the foregoing, Plaintiff respectfully request this Honorable Court grant his Motion to Strike and not consider Mr. Kinsel's Declaration and any documents and evidence referred, cited or attached thereto for purposes of the pending Motion to Dismiss, thereby limiting the information before it to that contained in Plaintiff's well-pleaded Complaint.

Respectfully submitted,

**THE DICKERSON LAW GROUP, P.A.**

/s/ Brian E. Dickerson_____
Brian E. Dickerson     (0069227)
Sharlene I. Chance      (0070999)
Kevin R. Conners        (0042012)
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile:  (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
kconners@dickerson-law.com
*Attorneys for Plaintiff Aaron Clark*


## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system upon counsels of record.


/s/ Sharlene I. Chance_____
Sharlene I. Chance      (0069227)
*Attorney for Plaintiff Aaron Clark*