IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Aaron Clark,                                    :

     Plaintiff          :          Civil Action 2:08-cv-00982

 v.                                          :          Judge Holschuh

The Walt Disney Co.,                            :          Magistrate Judge Abel
JAKKS Pacific, Inc.,
Play Along Toys,                                :
KB Toys,
Amazon.com, and                                 :
Toys "R" Us,
                                                :
    Defendant
                                                :

## PRELIMINARY PRETRIAL ORDER

A preliminary pretrial was held February 5, 2009. Counsel for all parties appeared.

## Rule 26(a)(1) disclosures.

All parties, except The Walt Disney Co., which filed a motion to dismiss for want of

personal jurisdiction, and KB Toys, which is in bankruptcy, will make their Rule 26(a)(1)

disclosures on or before **February 19, 2009.**

## Jurisdiction and venue.

Venue is proper in the Southern District of Ohio, Eastern Division. Jurisdiction is

alleged under 28 U.S.C. § 1331 and 1338(a). Supplemental jurisdiction over Ohio law

claims is alleged under 28 U.S.C. § 1367. There are no contested issues involving subject

matter jurisdiction. On January 2, 2009, defendant's JAKKS Pacific, Inc., Play Along Toys,

and Toys "R" Us  file a motion to dismiss for failure to state a claim.  On January 23, 2009

defendant The Walt Disney Co. filed a motion to dismiss for want of personal jurisdiction.

## Amendments to pleadings.

**Within 15 days of any decision denying the pending motions to dismiss**, counsel

are DIRECTED to call my office (614.719.3370) to schedule a telephone conference with me

to establish  a scheduling order for amendments to the pleadings ,the expert's Rule 26(a)(2)

disclosures and deadlines for completing discovery and filing case dispositive motions.

## Allegations in the pleadings.

The complaint makes the following allegations.  Defendants infringe U.S. Patent

No. 5,548,272 (the "'272 patent") entitled Talking Poster by "manufacturing, distributing,

importing, selling, and/or offering for sale the Hannah Montana Talking Poster and

Cheetah Girls Talking Poster and/or other Posters which embody the subject matter

claimed in the 272 Patent."  (Complaint, ¶41).  Further, the acts of infringement

"constitute[] false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C.

§1125(a)" and "deceptive trade practices . . . in violation of O.R.C. § 4165.02." (Id. at ¶¶ 59,

68).

## Electronically stored information.

The parties agree to produce documents in hard copy format, as .tiff images, or in

native format at the option of the producing party.  The parties agree that metadata will

not be produced, but will be preserved and may be requested on a document-by-document basis.

## Privilege.

The parties agree to enter into a stipulated protective order to protect the confidentiality of information produced in this case. Moreover, the parties agree that to the extent privileged documents or other material is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver and with the production of a privilege log.

## Experts' disclosures[1].

Any expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than **60 days before the deadline for completing all discovery.** Any responsive experts' Rule 26(a)(2) disclosures must be made no later than **30 days after those disclosures.** The parties reserve the right to seek or to schedule additional discovery as may become necessary, so long as it is completed no later than 30 days before the scheduled trial date or such other date as the Court may set.

## Rule 26(e)(2) supplementation.

Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., the parties are under a duty

---

[1]Ordinarily plaintiff's experts make their Rule 26(a)(2) disclosures, then defendant's experts respond with their disclosures. But when a plaintiff truly intends to offer no expert testimony supporting his or her claims (but the defendant chooses to offer expert testimony on them) or a defendant intends to support a defense with expert testimony, then the defendant's experts must make their disclosures by the first deadline. Rebuttal experts are strictly limited to rebutting unanticipated opinions expressed by a responsive expert.

"seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing." The parties are **directed** to review their responses to written discovery on or before **105 days before the deadline for completing all discovery** and promptly make any supplemental disclosures required by Rule 26(e)(2).

## Discovery and case-dispositive motions deadlines.

Defendant argues that conducting discovery before the Court rules on its motion to dismiss would be burdensome.

Whether a discovery request is burdensome within the meaning of Rule 26(b)(2)(C)(iii) is best determined in a concrete factual matrix. Here I can best understand the relevance of discovery requests to class certification and/or the merits when confronted with specific discovery requests/deposition questions. Further, in my experience, some discovery imposes little burden–whether directed to the merits or non-merits issues. For example, if a document request can be answered easily by searching the file cabinets of one employee or by searching one database, it is not burdensome. Once discovery requests are served, defendants may well determine that it would not be burdensome to respond to many of them. A further benefit of serving discovery now is that it will inform and assist the opposing party in meeting its obligation to preserve all documents and other evidence relevant to the claims and defenses of the parties in this lawsuit.

Consequently, I will not limit discovery now. Plaintiffs are free to serve both merits

and class certification discovery.  If defendant believes a discovery request is burdensome, it may so respond.  If, after counsel consult, they cannot agree as to whether the discovery should be provided, they should call my office (614.719.3370) and schedule a telephone discovery conference.  S.D. Ohio Civ. Rule 37.1.  The letters exchanged by counsel and the discovery requests at issue should be emailed (Mark_Abel@ohsd.uscourts.gov) before the conference.

While plaintiff cannot served  merits discovery on defendant The Walt Disney Co., he is free to serve a  Rule 45 subpoena on that defendant.

**Within 15 days of any decision denying the pending motions to dismiss,** counsel are DIRECTED to call my office (614.719.3370) to schedule a telephone conference with me to establish  a scheduling order for amendments to the pleadings ,the expert's Rule 26(a)(2) disclosures and deadlines for completing discovery and filing case dispositive motions.

## Rule 26(a)(3) disclosures.

The parties must make and file with the Court the disclosures required by Rule 26(a)(3), Fed. R. Civ. P., no later than 30 days prior to the date noticed for the final pre-trial conference.  Alternatively, by agreement the parties may chose to make their Rule 26(a)(3) disclosures in the final pretrial order.

## Settlement.

Defendants maintain that plaintiff's suit is meritless.  They are unwilling to offer him more than nuisance value  to settle the case.

s/Mark R. Abel
United States Magistrate Judge