# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| **AARON CLARK,** | Case No. 2:08CV982 |
| Plaintiff, | |
| v. | |
| **THE WALT DISNEY COMPANY; JAKKS PACIFIC, INC.; PLAY ALONG TOYS; KB TOYS; AMAZON.COM; and TOYS 'R US,** | |
| Defendants. | |

## <u>DEFENDANTS JAKKS PACIFIC INC., PLAY ALONG TOYS AND TOYS "R" US'</u>

## <u>COMBINED OPPOSITION TO MOTION TO STRIKE AND</u>

## <u>REPLY MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE</u>

LACA_2110547.1

Dockets.Justia.com

## I.  INTRODUCTION

Seemingly purposefully, Clark's Motion to Strike cites only a portion of the law regarding evidence courts may consider in deciding a motion to dismiss.  Despite the wealth of case law cited in Defendants' Motion to Take Judicial Notice regarding the Court's authority to consider judicially noticed records, Clark fails to address even a single case cited by Defendants.  Because Clark did not file an opposition to Defendants' Motion to Take Judicial Notice, or address any of the law cited therein, Clark implicitly concedes its validity and the Court must therefore take judicial notice of the evidence attached to Grant Kinsel's declaration.

## II.  JUDICIAL NOTICE OF THE RECORDS CITED BY DEFENDANTS IS PROPER

It is undisputed that in conducting its analysis of whether Clark has stated an infringement claim against Defendants, the Court may consider facts judicially noticed.  This proposition is supported by both the Evidence Code, and a long line of case law.  Specifically, Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A district court *must* take judicial notice "if requested by a party and supplied with the necessary information."  *Id.* at 201(d).  A court may take such notice "at any stage of the proceeding."  *Id.* at 201(f).

Courts too have long held that it is proper to consider judicially noticeable facts in connection with a motion to dismiss.  *See Svete v. Wunderlich,* 2008 WL 4425509, at * 2, *5 (S.D. Ohio, Sept. 30, 2008) (while matters outside the pleadings generally not considered on a motion to dismiss, court may consider public records or other matters properly judicially noticed.); *see also Wedgewood Ltd. P'ship I. v. Township of Liberty, Ohio*, 456 F. Supp. 2d 904

(S.D. Ohio, 2006); *Doe v. Sexsearch.com,* 502 F. Supp. 2d 719, 728 (N.D. Ohio, 2007) (documents a defendant attaches to a motion to dismiss are considered part of the pleadings if they are (1) referred to in the plaintiff's complaint and (2) are central to his claims.); *Michigan Bell Telephone Co. v. Strand,* 26 F. Supp. 2d 993, 996 (W.D. Mich. 1998) ("In deciding a motion under Federal Rule of Civil Procedure 12(b)(6), it is proper for the Court to take judicial notice of facts which are indisputable because they are capable of ready determination from resources whose accuracy cannot be reasonably questioned.") (citations omitted).

The materials that the Defendants requested the Court to take judicial notice of included: (1) the '272 patent, (2) images for the Accused Posters that were attached to the Complaint, (3) definitions from the American Heritage Dictionary of the English Language, and (4) the complete file history for the '272 patent. All of these materials are properly subject to judicial notice and may be considered in connection with this motion to dismiss.

The '272 patent and the images of the Accused Posters were attached to the complaint, and as such, are properly judicially noticed. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001) (Court may take judicial notice of materials integral to complaint).

The American Heritage Dictionary definitions are also the proper subjects of judicial notice. Under Federal Rule of Evidence 201, the American Heritage Dictionary definitions are material that is both "generally known within the territorial jurisdiction of the trial court" and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Where no reasonable basis has been offered to show that the accuracy of the definitions is at issue, courts have long held that it is appropriate to take judicial notice of dictionary definitions. *See, e.g., Azoplate Corp. v. Silverlith, Inc.*, 367 F.Supp. 711 (D.Del.1973); *aff'd*, 506 F.2d 1050 (3d Cir.1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975). Here, Clark does not even suggest that there is a reasonable basis to

LACA_2110547.1

question the American Heritage dictionary definitions Defendants have submitted, and, therefore, judicial notice of, and consideration of, these materials is appropriate.

Judicial notice of the '272 patent file history is also appropriate on two grounds. First, where, as here, portions of the file history are attached to the Complaint, the Court may take judicial notice of the complete file. Clark attached several portions of the file history to his Complaint as Exhibit H, including the certificate of issuance, fee notification, original application, small entity declaration, power of attorney declaration, and original drawings. (*See,* Complaint at Ex. H.) Because Clark attached only portions of the file history, the Court is entitled to take judicial notice of the entire document, which is attached to the Kinsel Declaration as Exhibit 5. *Weiner v. Klais & Co.*, 108 F. 3d 86, 88 (6th Cir. 1997); *Doe v. SexSearch.com*, *supra,* 502 F. Supp. 2d at 728 (N.D. Ohio 2007); *see also, Bovee v. Coopers & Lybrand C.P.A.,* 272 F. 3d 356, 360 (6th Cir. 2001).

But if one ignores the fact that the file history is judicially noticeable because Clark attached portions of it to his Complaint, the file history is judicially noticeable under Evidence Code Section 201 as material that is capable of accurate and ready determination. The file history is a publicly available document, and as such, and as recognized by the cases Clark cites, the file history is subject to judicial notice. *Allied Gators, Inc. v. NPK Construction Equipment, Inc.,* 937 F. Supp. 694, 697 (N.D. Ohio, 1996); *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed. Cir. 1996).

LACA_2110547.1

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court DENY Clark's Motion to Strike, and GRANT Defendants' Motion to Take Judicial Notice.

Dated: February 10, 2009

Respectfully submitted,

By: /s/ *Michael C. Lueder*
Michael C. Lueder
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WE 53202
Tel: (414) 297-4900
Trial Attorney

/s/ *Grant E. Kinsel*
Grant Kinsel
(Pro Hac Vice)
Foley & Lardner LLP
555 South Flower St., Suite 3500
Los Angeles, CA 90071
Tel: (213) 972-4500
*Attorneys for JAKKS Pacific, Inc., Play
Along Toys, KB Toys, and Toys "R" Us, The
Walt Disney Company*

LACA_2110547.1

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: February 10, 2009             /s/ Grant E. Kinsel

| | |
|---|---|
| Brian Edward Dickerson<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Upper Arlington , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>bdickerson@dickerson-law.com<br><br>Kevin R Conners<br>5003 Horizons Drive Suite 101<br>Columbus , OH 43220<br>614-562-5877<br>kevinconners@kevinconners.com<br><br>Sharlene I Chance<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Columbus , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>schance@dickerson-law.com | Attorneys for Plaintiff Aaron Clark |

i