IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIC OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON CLARK, | : | |
| | : | |
|     *Plaintiff,* | : | |
| v. | : | Case No. 2:08CV982 |
| | : | |
| THE WALT DISNEY COMPANY, et al., | : | Judge Holschuh |
| | : | |
|     *Defendants.* | : | Magistrate Judge Abel |

**PLAINTIFF AARON CLARK'S REPLY TO
DEFENDANTS JAKKS PACIFIC, INC., PLAY ALONG TOYS AND TOYS "R" US'
COMBINED OPPOSITION TO MOTION TO STRIKE AND
REPLY MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE**

Now comes Plaintiff, Aaron Clark ("Plaintiff") by and though undersigned counsel and respectfully submits this Reply to Defendants JAKKS Pacific, Inc.'s ("JAKKS"), Play Along Toys ("PAT") and Toys "R" Us' (collectively "Defendants") Combined Opposition to Motion to Strike and Reply Memorandum in Support of Motion to Take Judicial Notice (Doc. 23), filed February 10, 2009.

For the reasons set forth in the accompanying Memorandum in Support, Grant Kinsel's Declaration ("Kinsel Declaration") and the materials attached thereto not referenced to in Plaintiff's Complaint should be stricken.

                                                            Respectfully submitted,

                                                            **THE DICKERSON LAW GROUP, P.A.**

                                                            /s/ Brian E. Dickerson
                                                            Brian E. Dickerson    (0069227)
                                                            Sharlene I. Chance  (0070999)
                                                            Kevin R. Conners   (0042012)
                                                            5003 Horizons Drive, Suite 101
                                                           Columbus, OH 43220
                                                           Telephone: (614) 339-5370

Facsimile: (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
kconners@dickerson-law.com
*Attorneys for Plaintiff Aaron Clark*

## MEMORANDUM IN SUPPORT

Defendants pleading filed on January 2, 2009 is entitled "Motion to Dismiss (Federal Rule Civil Procedure 12(b)(6))" not a Motion to Dismiss or in the alternative for Summary Judgment. A "motion to dismiss under Rule 12(b)(6) is directed *solely* to the complaint itself." *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971) (*Emphasis added*); consequently, extrinsic evidence cannot be considered in determining whether the complaint states a claim. *Id.* Extrinsic evidence consists of all evidence external to the patent, including expert and inventor testimony, dictionaries, and learned treaties. *Markman v. Westview Instruments, Inc.*, 52 F. 3d 967, 980 (Fed. Cir. 1995). At the notice pleading state, this Honorable Court will grant Defendants' Motion for Dismissal under Fed.R.Civ.P. 12(b)(6) if there is an absence of law to support Plaintiff's causes of action, or of facts sufficient to make a valid cause of action, or if on the face of the complaint there is an insurmountable bar to relief indicating that Plaintiff does not have a claim. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). The consideration of extrinsic evidence and matter not referred to in the Complaint are improper at the notice pleading stage. *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189 (Fed. Cir. 2007); *Koito Mfg. Co. v. Turn-Key-Tech, LLC*, 381 F.3d 1142 (Fed. Cir. 2004).

By its terms, Fed.R.Civ.P. 12(b)(6) refers to statements in Plaintiff's Complaint; extraneous matters on affidavits, depositions or otherwise, may not be introduced in support of

2

the motion or to resist it. A motion to dismiss for failure to state a claim requires this Honorable Court to evaluate whether Plaintiff's Complaint sets forth allegations sufficient to make out the elements of the causes of action. *See*, *Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) ("The Rule 12(b)(6) pleading requirement for a complaint for infringement cannot be extended to require a plaintiff to specifically include each element of the claims of the asserted patent."). Rather, "a patentee need only plead facts sufficient to place the alleged infringer on notice." *Id.* at 794. *See also*, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). The general rule is that a district court ruling on a motion to dismiss may not consider matters extraneous to the pleading. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings *if* they are referred to in the plaintiff's complaint and are *central* to her claim." *Venture Assoc. v. Zenith Data Sys.*, 987 F.2d 429, 437 (7th Cir. 1993) (*Emphasis added*). The Sixth Circuit finds this approach appropriate. *Weiner v. Klais & Co.*, 108 F. 3d 86, 89 (6th Cir. 1997).

Contrary to Defendants' assertions, Plaintiff did not refer to the patent history in his Complaint or quote any definitions, in part or in whole, in his Complaint. Plaintiff's causes of action are based on the rights guaranteed to him by the '272 Patent to exclude Defendants from making, using, or selling his invention; specifically the Talking Posters. As the prosecution history of the '272 Patent was neither referenced directly, indirectly or incorporated in Plaintiff's Complaint, nor central to Plaintiff's causes of action, the history attached as an exhibit to Kinsel's Declaration should not be considered by this Honorable Court. *Weiner v. Klais & Co.*, 108 F.3d at 89 (matters not mentioned directly or indirectly in the complaint will not be considered). Of the exhibits attached to Kinsel's Declaration only the '272 Patent and the Infringing Posters, were referenced in Plaintiff's Complaint. Plaintiff causes of action in his

3

Complaint are not based on the definitions from the American Heritage Dictionary of the English Language, or any dictionary for that matter, or on the history of the '272 Patent. As such, this Honorable Court should not consider the dictionary definitions and the patent history attached to Defendants' Motion to Dismiss. *See, In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368, n.9 (3rd Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.")

The exhibits attached to Kinsel's Declaration cannot properly be considered incorporated by reference into the Complaint and made part of the pleadings for the purpose of Defendants Fed.R.Civ.P. 12(b)(6) Motion to Dismiss and as such this Honorable Court should not take judicial notice of such exhibits and further strike the same as extraneous materials beyond the pleadings. "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of the record, i.e. the patent itself, including the claims, the specification, and, *if in evidence*, the prosecution history," *Vitronics Corp v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (*Emphasis added*); *Allied Gator, Inc. v. NPK Construction Equipment, Inc.*, 937 F. Supp. 694, 697 (N.D. Ohio 1996), *appeal denied*, (Fed. Cir. 1997), 111 F.3d 142, at \*1. Here, the history of the '272 Patent and the dictionary excerpts, without more, falls outside of the pleadings. *See*, *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 n. 4 (S.D.N.Y. 2003).

However, if this Honorable Court's permits the extraneous matters attached to Defendants' Motion to Dismiss then the motion should be treated as one for summary judgment and disposed of as provided for under Fed.R.Civ.P. 56(c). If this Court converts Defendants' Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) into a summary judgment motion, then Plaintiff

4

respectfully requests that he be given reasonable opportunity to provide supplemental briefing pertinent to a Fed.R.Civ.P. 56(c) motion and have all remedies available to him under Fed.R.Civ.P. 56(f).

**WHEREFORE**, based on the foregoing, Plaintiff respectfully request this Honorable Court grant his Motion to Strike and not consider Kinsel's Declaration and any documents and evidence referred, cited or attached thereto for purposes of the Defendants' Fed.R.Civ.P. 12(b)(6) Motion to Dismiss, thereby limiting for this Honorable Court's review the information before it that is contained and referenced in Plaintiff's well-pleaded Complaint.

Respectfully submitted,

**THE DICKERSON LAW GROUP, P.A.**

/s/ Brian E. Dickerson
Brian E. Dickerson (0069227)
Sharlene I. Chance (0070999)
Kevin R. Conners (0042012)
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile: (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
kconners@dickerson-law.com
*Attorneys for Plaintiff Aaron Clark*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system upon counsels of record.

/s/ Sharlene I. Chance
Sharlene I. Chance (0070999)
*Attorney for Plaintiff Aaron Clark*