IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON CLARK,                               :

        Plaintiff                   :       Civil Action 2:08-cv-982

  v.                                       :       Judge Holschuh

THE WALT DISNEY COMPANY, *et al.*,          :       Magistrate Judge Abel

                                  :

        Defendants.

## ORDER

This matter is before the Court pursuant to Plaintiff's Motion to Strike the Declaration of Grant Kinsel Filed in Support of Defendants' Motion to Dismiss (Doc. 18).

On January 2, 2009, Defendants Toys 'R Us, Jakks Pacific Inc., and Play Along Toys filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) (Doc. 11). Accompanying this motion was a declaration by Mr. Grant Kinsel, one of Defendants' counsel. This declaration purported to identify and authenticate several exhibits accompanying the motion to dismiss; specifically, a copy of Exhibit H to the Complaint, color photocopies of Exhibits A and B to the Complaint, a copy of certain pages from the American Heritage Dictionary of the English Language, and a file history for the '272 patent.

1

Plaintiff has now moved to strike this declaration, averring that it is "immaterial and superfluous", because, generally speaking, courts will in deciding a motion to dismiss for failure to state a claim consider only the complaint itself. Defendants rejoin that the documents to which Mr. Kinsel referred were either attached to the complaint, or are materials of which a court will take judicial notice under Federal Rule of Evidence 201.

Fed. R. Civ. Pro. 12(f)(2) permits a court to, upon motion, strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to dismiss is not actually a "pleading" from which matter could be struck; *q.v.* Fed. R. Civ. Pro. 7(a). Some courts have held that it is improper to move to strike an affidavit. *See, e.g., Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966); *York v. Ferris State Univ.*, 36 F.Supp.2d 976, 980 (W.D.Mich. 1998); *Morgan v. Sears, Roebuck & Co.*, 700 F.Supp. 1574, 1576 (N.D.Ga. 1988). Nevertheless, other courts have overlooked this distinction. *Sutton v. U. S. Small Business Admin.*, 92 Fed.Appx. 112, 118-119 (6th Cir. 2003); *Gilleland v. Schanhals*, 55 Fed.Appx. 257, 260 (6th Cir. 2003).

However, the questions of whether the court *can* grant the relief sought, and whether it *should*, are both likewise irrelevant to the adjudication of this motion. Fed. R. Civ. Pro. 12(d) explicitly provides for the submission of matters outside the pleadings in conjunction with a motion to dismiss under Rule 12(b)(6) – by treating such motion as one for summary judgment under Rule 56. If Mr. Kinsel's declaration, and the materials to which it refers, are matters outside the pleadings

as Plaintiff claims, then the Court will treat them as provided for in Rule 12(d).[1] Whether they are or are not, their attachment is provided for in the rules of civil procedure and they therefore cannot be "immaterial and superfluous".

The Motion (Doc. 18) is **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>
United States Magistrate Judge

---

[1] The Court makes no ruling today on whether the materials attached to Defendants' Motion to Dismiss are matters of which it will take judicial notice pursuant to F.R.E. 201, or on whether it will treat such materials as matters outside the pleadings pursuant to Fed. R. Civ. Pro. 12(d).