IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Aaron Clark, | : | |
| Plaintiff | : | Civil Action 2:08-cv-00982 |
| v. | : | Judge Holschuh |
| The Walt Disney Co., | : | Magistrate Judge Abel |
| JAKKS Pacific, Inc., | | |
| Play Along Toys, | : | |
| KB Toys, | | |
| Amazon.com, and | : | |
| Toys "R" Us, | | |
| | : | |
| Defendant | | |
| | : | |

## Discovery Conference Order

On April 16, 2009, counsel for the parties participated in a telephone discovery

conference with the Magistrate Judge. During the conference, rulings were made on the

following interrogatories.

**Interrogatory No. 3.** Defendants argue that plaintiff has failed to identify where on

the accused product the claim element "that area of said poster art which appears on said

portion of said poster that said housing covers when said housing is attached to said

poster" is found. Defendants' position on the merits is that the Hannah Montana and

Cheetah Girls talking posters do not infringe the '272 patent because there is no poster art

beneath the housing. Defendants insist that plaintiff's response to the interrogatory fails

to state how the claim element set out above is incorporated in the allegedly infringing

devices.

Dockets.Justia.com

Plaintiff has responded to the interrogatory. If defendants' interpretation of the claims is correct, then I read plaintiff's answer to the interrogatory to concede that the claim element at issue is not literally infringed by the accused devices because there is no poster art under the housings of the two allegedly infringing devices thus far identified by plaintiff.

**Interrogatory No. 4.** If plaintiff maintains that a defendant contributed to infringement or induced infringement, then it is ORDERED that he must again supplement his response to this interrogatory to identify each defendant who contributed to or induced infringement and set out the facts supporting that position. Plaintiff's response should include all such supporting facts known to him but may also include facts asserted by information and belief.

**Interrogatory No. 5.** If plaintiff relies on the doctrine of equivalents, then plaintiff as a party must set out the structures infringing the device that are equivalent and the factual bases for that assertion.

**Interrogatory No. 12.** Plaintiff will supplement his answer to this interrogatory.

**Interrogatories Nos. 13.** Plaintiff Clark asserts that the Covered Products responsive to this interrogatory were manufactured between about 1995 and about 2003. Plaintiff Clark maintains that he was paid on a project-by-project basis and that he did not manufacture posters but instead licensed third parties to manufacture them. Defendants counter that there must be some information in Clark's possession or within his control about units sold. Most licenses call for a royalty per units sold.

It is ORDERED that on or before **May 18, 2009** plaintiff Clark must identify the

royalty statements, license contracts that state how royalties are calculated, and all other documents in his possession or within his control that would state the number of units sold or help defendants calculate the number of units sold.

**Interrogatories Nos. 17.** This interrogatory seeks the date plaintiff first offered for sale a product covered by the '272 patent and the date of the first sale of a product covered by the '272 patent. Clark's response that he first sold a Covered Product to Wal-Mart in "1994 or 1995" does not answer the question asking for the date he first offered for sale a product covered by the '272 patent; and it is unreasonably vague about the date of the first sale. These are relevant questions because the patent could be invalid if plaintiff offered to sell a Covered Product more than one year before he filed his patent application.

Plaintiff's counsel asserted that Clark has no documents in his possession regarding either the date he first offered for sale a product covered by the '272 patent or the date of the first sale of a product covered by the '272 patent. It is ORDERED that plaintiff's counsel go back and talk with their client about any documents in his possession or within his control that would help him remember when he first offered a Covered Product for sale and when he first sold one or which would assist counsel and the court with determining those dates.

s/Mark R. Abel
United States Magistrate Judge