IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRIC OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AARON CLARK**, an Ohio Resident | : | Case No. 2:08CV982 |
| 7787 Oak Valley Drive | : | |
| Reynoldsburg, Ohio 43068 | : | Judge Holschuh |
| | : | |
| *Plaintiff*, | : | Magistrate Judge Abel |
| v. | : | |
| | : | |
| **THE WALT DISNEY COMPANY** | : | |
| c/o Marsha L. Reed | : | |
| Statutory Agent | : | |
| 500 South Buena Vista Street | : | |
| Burbank, CA 91521-0931, | : | |
| | : | |
| and | : | |
| | : | |
| **JAKKS PACIFIC, INC.** | : | |
| c/o Jack Friedman | : | |
| Statutory Agent | : | |
| 22619 Pacific Coast Highway | : | |
| #250 | : | |
| Malibu, CA 90265, | : | |
| | : | |
| and | : | |
| | : | |
| **PLAY ALONG TOYS** | : | |
| c/o Jack Friedman | : | |
| Statutory Agent | : | |
| 22619 Pacific Coast Highway | : | |
| #250 | : | |
| Malibu, CA 90265, | : | |
| | : | |
| and | : | |
| | : | |
| **KB TOYS** | : | |
| c/o Corporate Service Company | : | |
| Statutory Agent | : | |
| 85 State Street | : | |
| Boston, MA 02109, | : | |
| | : | |
| and | : | |
| | : | |

| | |
|---|---|
| TOYS 'R US<br>c/o Corporate Service Company<br>Statutory Agent<br>830 Bear Tavern Road<br>West Trenton, NJ  08628 | :<br>:<br>:<br>:<br>: |
| and | :<br>: |
| BABYUNIVERSE, INC.<br>c/o CorpDirect Agents, Inc.<br>515 East Park Avenue<br>Tallahassee, FL  32301 | :<br>:<br>:<br>: |
| and | :<br>: |
| ETOYS DIRECT, INC.<br>c/o National Registered Agents, Inc.<br>160 Greentree Drive, Suite 101<br>Dover, DE  19904 | :<br>:<br>:<br>: |
| and | :<br>: |
| DISNEY SHOPPING, INC.<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | :<br>:<br>:<br>: |
| *Defendants*. | :<br>: |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aaron Clark (hereinafter referred to as "Plaintiff"), the inventor and Assignee, through his attorneys, for his Amended Complaint against Defendants The Walt Disney Co., ("Disney"), Jakks Pacific, Inc. ("Jakks Pacific"), Play Along Inc., d/b/a/ Play Along Toys ("PAT"), KB Toys ("KB"), Toys R Us ("Toys R Us"), BabyUniverse, Inc. ("BabyUniverse"), eToys Direct, Inc. ("eToys") and Disney Shopping, Inc. ("DSI") (collectively "Defendants"), herein state as follows:

## THE PARTIES

1. Plaintiff is an individual and resident of Ohio and resides at 7877 Oak Valley Drive, Reynoldsburg, Ohio 43068.

2. Upon information and belief, Defendant Disney is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 500 South Buena Vista Street, Burbank, California 91521-0931.

2a. Upon information and belief, Defendant Disney, together with its business segments and affiliates, is a leading diversified international family entertainment and media enterprise with four business segments: media networks, parks and resorts, studio entertainment and consumer products.

2b. Upon information and belief, Defendant Disney refers to itself and its business segments as the "Company" and "we" through which its businesses are conducted.

2c. Upon information and belief, the consolidated revenue of Defendant Disney's business segments and affiliates increased to $37.8 billion in 2008, which included the sale of the Infringing Posters.

2d. Upon information and belief, Defendant Disney's website and products compete with other websites and products.

2e. Upon information and belief, www.disneystore.com, www.disneyshopping.com, and www.disneyshopping.go.com offers presumably authorized Disney-themed merchandise through its internet website, which includes internally developed Disney merchandise as well as merchandise from Disney licensees.

2f. Upon information and belief, Disney Enterprises, Inc., provider of entertainment services and products in the world and a subsidiary of Defendant Disney, owns the right to and operates

websites at www.disney.com and www.disneystore.com, where consumers can purchase DEI's products.

2g. Upon information and belief, Defendant DSI is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 640 Paula Avenue, Glendale, California 91201.

2h. Upon information and belief, Defendant DSI is a subsidiary of Defendant Disney and engages in the business of advertising.

2i. Defendant DSI engages in retail and online distribution of products through www.disneystore.com, www.disneyshopping.com, and www.disneyshopping.go.com, which are Defendant Disney's official shopping portal and the Disney stores retail chain.

2j. Upon information and belief, Defendant DSI purposefully availed itself within the State of Ohio when it marketed, offered to sell, and sold on www.disneyshopping.go.com the Hannah Montana "If We Were a Movie" Talking Poster (Exhibit E).

3. Upon information and belief, Defendant Jakks Pacific is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 22619 Pacific Coast Height, Malibu, CA 90265 and at office at 11 East 26th Street, New York, NY 10010.

4. Upon information and belief, Defendant PAT is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 800 Fairway Drive, Suite 295, Deerfield, Florida 33441.

5. Upon information and belief, Defendant KB, is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 100 West Street, Pittsfield, Massachusetts 01201.

5a. Upon information and belief, Defendant BabyUniverse is a corporation and retailer organized and existing under the laws of the State of Florida and having its principal place of business at 150 South US Highway 1, Suite 500, Jupiter, Florida 33477.

5b. Upon information and belief, Defendant eToys is a corporation and retailer organized and existing under the laws of the State of Delaware and having its principal place of business at 66 West Street, Floor 4, Pittsfield, Massachusetts 01201.

6. Upon information and belief, Defendant Toys R Us is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 1 Geoffery Way, Wayne, New Jersey 07470-2030.

7. Upon information and belief, Exhibit A is a true and correct photograph of a Hannah Montana Talking Poster manufactured, sold distributed and/or imported into the United States by Defendants. This toy hereinafter referred to as the "Hannah Montana Talking Poster."

7a. Upon information and belief, Exhibit A is one example of the Defendants infringing Hannah Montana Talking Poster and is not an exclusive sampling of all the infringing posters.

7b. Upon information and belief, Exhibit B are additional infringing Hannah Montana Talking Posters and are not an exclusive sampling of all the infringing posters.

8. Upon information and belief, Exhibit C is a true and correct photograph of Cheetah Girls Talking Poster sold and/or imported into the United States by Defendants this toy hereinafter referred to as the "Cheetah Girls Talking Poster."

8a. Upon information and belief, Exhibit C is one example of the Defendants infringing Cheetah Girls Talking Poster and is not an exclusive sampling of all the infringing posters.

8b. Upon information and belief, Exhibit D are additional infringing Cheetah Girls Talking Posters and are not an exclusive sampling of all the infringing posters.

9. Upon information and belief, Exhibit E is a true and correct print out of a Disney website offering for sale the Defendants Hannah Montana Talking Poster offering the option to ship these items within the State of Ohio and this judicial district.

9a. Upon information and belief, Exhibit E is a true and correct print out of Defendant DSI, through http://disneyshopping.go.com offering for sale the Defendants Hannah Montana "If We Were A Movie" Talking Poster and offering the option to ship within the State of Ohio and this judicial district.

10. Upon information and belief, Exhibit F is a true and correct print out of a Toys R Us website offering for sale the Defendants Hannah Montana Talking Poster and Cheetah Girls Talking Poster and offering the option to ship these items within the State of Ohio and this judicial district.

11. Upon information and belief, Exhibit G is a true and correct print out of a KB's website offering for sale the Defendants Cheetah Girls Talking Poster and offering the option to ship these items within the State of Ohio and this judicial district.

12. Upon information and belief, Exhibit H is a true and correct print out of Defendants BabyUniverse and eToys sales website channels offering for sale the Defendants Cheetah Girls Talking Poster and offering the option to ship these items within the State of Ohio and this judicial district.

13. Upon information and belief, Defendants within this judicial district has offered to sell the Hannah Montana Talking Poster and Cheetah Girls Talking Poster within the State of Ohio.

14. Upon information and belief, Jakks Pacific annually participates as an exhibitor at the Toy Industry Association, Inc. (hereinafter "TIA") Toy Fair. Since 1996, Plaintiff has presented

products utilizing the 272 Patent at the TIA Toy Fair. In 1998 the Resaurus Corp., a licensee of the 272 Patent, displayed its Godzilla line at the TIA Toy Fair.

15. By way of example only and without limitation, upon information and belief, and as evidence by the affidavit of Dennis Hanzel attached hereto as Exhibit I, Defendants have directly and/or indirectly, through the internet, distributors, retailers, an agent and/or otherwise, offered for sale, sold and/or delivered the Hannah Montana Talking Poster and Cheetah Girls Talking Poster within the State of Ohio and this judicial district.

16. Upon information and belief, Defendants have derived substantial revenue from interstate commerce.

17. The aforementioned actions subject Jakks Pacific to personal jurisdiction under Ohio's "long arm" statute, Ohio Revised Code ("O.R.C.") § 2307.381 *et seq.*, and the exercise of such jurisdiction comports with due process.

18. More specifically, upon information and belief, the aforementioned acts constitute Defendants transacting business within the State of Ohio, contracting to supply goods in the State of Ohio and/or committing a tortious act outside the State of Ohio causing injury to person or property within the State of Ohio with the expectation or reasonable expectation that the tortious act will have consequences in the State of Ohio.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the subject matter of this action for Plaintiff's claims of patent infringement under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367. This Court further has jurisdiction under 28 U.S.C. § 1332 since there is complete diversity of citizenship between the Parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

20. This Court has personal jurisdiction over Defendants pursuant Federal Rules of Civil Procedure Rule 4, in that Defendants have committed acts of patent infringement having effects within the State of Ohio and this judicial district.

21. This Court has jurisdiction over the subject matter of this action for Plaintiff's claims of deceptive trade practices in violation of O.R.C. § 4165.02. Authority to hear the pendent state claims is conferred by the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

22. Venue is proper in this district and division under 28 U.S.C. §§ 1391 and 1400(a) as this is a judicial district and division where Defendants have established significant contacts by its conduct and normal course of dealings, and therefore, is subject to this Court's personal jurisdiction. Moreover, a substantial part of the events giving rise to the claims occurred in whole or in part in this district and/or the property that is subject of this action is or has been situated in the District.

**FACTUAL ALLEGATIONS**
**"272 Patent"**

23. Plaintiff is engaged, inter alia, in the design, marketing, distribution, and sale of Talking Posters.

24. On August 20, 1996, the U.S, Patent and Trademark Office issued U.S. Patent No. 5,548,272 which is entitled Talking Poster (hereinafter "the 272 Patent"). The 272 Patent is valid and subsisting and is entitled to a presumption of validity under 25 U.S.C. §282. A true and correct copy of the 272 Patent is attached as Exhibit J.

25. Plaintiff currently licenses in the United States the 272 Patent under the name "Talking Posters." Plaintiff obtains licenses for the Talking Posters for characters and pay for those as part of Plaintiff's product costs. Plaintiff has obtained licenses from including, but not limited to, Warner Brothers, Comedy Central, Saban Entertainments, New Line Cinema, and Winterland.

True and correct copies of some past embodiments of Plaintiff's Talking Posters are attached collectively at Exhibit K.

26. Plaintiff's Talking Poster has been sold at Wal-Mart, Target, Spencer Gifts, Hot Topic, and Kay Bee Toys.

27. Plaintiff has also licensed technology in the past to other companies. These companies included "OSP" and "Resaurus Corp." OSP and Resaurus Corp obtained technology licenses from Plaintiff and the character licenses from other companies and sold into numerous stores including Wal-Mart, Target, Spencer Gifts, Hot Topic, Kay Bee Toys and Blockbuster Video.

28. Plaintiff is the sole owner of the 272 Patent.

29. The Talking Poster is a commercial embodiment of the 272 Patent.

30. Every Talking Poster licensed or sold by Plaintiff in the United States has been marked "US. Patent 5,548,272" since shortly after issuance of the 272 Patent in August 1996.

31. Upon information and belief, Defendants participated in the manufacturing, distribution and licensing of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster and then offered to sell, sold and shipped the Hannah Montana Talking Poster and Cheetah Girls Talking Poster to distributors and retailers. Exhibit L is a true and correct copy of a sales receipt for two Hannah Montana Talking Posters purchased on August 19, 2008.

32. Defendants Hannah Montana Talking Poster and Cheetah Girl Talking Poster infringes on the 272 Patent.

33. Upon information and belief, Defendants have sold, offered to sell or imported in or into the United States the Hannah Montana Talking Poster and Cheetah Girls Talking Poster knowing the Hannah Montana Talking Poster and Cheetah Girls Talking Poster are an infringement of the 272 Patent.

34. Similar to Plaintiff's licenses with Warner Brothers, Comedy Central, Saban Entertainments, New Line Cinema, and Winterland, Defendant Disney, between 1994 to 1996, was presented the opportunity to enter into a licensing agreement with Plaintiff for a Talking Poster to be created for Disney animation movie/film/cartoons; however, there was not a licensing agreement agreed upon by the parties with regard to the 272 Patent.

35. Notable, neither Hannah Montana Talking Poster nor the Cheetah Girls Talking Poster bear any license for a patent, patent registration number or patent pending insignia to reflect any marketing, licensing or retail rights to manufacture, market, sell or distribute the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, other than Disney's approval of the use of the Hannah Montana and Cheetah Girl likeness and names.

36. Upon information and belief, Defendant Disney's commercial activities relating to making, using, offering for sale, selling, and/or importing into the United States the Hannah Montana Talking Poster and Cheetah Girls Talking Poster have continued and are continuing with knowledge of the 272 Patent, in spite of the high likelihood that Defendant Disney and the Defendants constitute infringement of the 272 Patent. These commercial activities are, at a minimum, in reckless disregard of Plaintiff rights under the 272 Patent. Such acts of infringement have therefore been intentional, deliberate and willful.

36a. Upon information and belief, Defendants BabyUniverse and eToys advertises, markets, and distributes into the United States the Hannah Montana Talking Poster and Cheetah Girls Talking Poster or imported into the United States the patented invention during the term of the patent without authority of Plaintiff.

36b. Upon information and belief, Defendant DSI's online commercial activities relating to advertising, making, using, offering for sale, selling, and/or importing into the United States the

Hannah Montana Talking Poster and Cheetah Girls Talking Poster have continued and are continuing with knowledge of the 272 Patent, in spite of the high likelihood that Defendant DSI constitute infringement of the 272 Patent. These commercial activities are, at a minimum, in reckless disregard of Plaintiff rights under the 272 Patent. Such acts of infringement have therefore been intentional, deliberate and willful.

**FIRST CLAIM FOR RELIEF:**
**PATENT INFRINGEMENT BY DEFENDANTS DISNEY, JAKKS PACIFIC, PAT, KB, TOYS 'R US, BABYUNIVERSE, ETOYS AND DISNEY SHOPPING, INC OF THE 272 PATENT**

37. Paragraphs 1-36b of this Complaint are incorporated as if set forth in their entirety here.

38. On or about August 20, 1996, U.S. Patent No. Des 5,548,272, entitled "Talking Poster" was duly and legally issued to Aaron D. Clark, which was subsequently assigned to Inotrend which reassigned the license to Plaintiff on January 1, 1998. True and correct copy of assignment of license is attached at Exhibit M. Plaintiff has been and still is the rightful owner of all rights, title and interest to the 272 Patent. A true and correct copy of 272 Patent is attached hereto as Exhibit J and incorporated herein by reference.

39. Plaintiff has fully complied with the requirements of 35 U.S.C §287(a) by fixing or causing to be fixed the word "patent" or the abbreviation "pat" together with Patent No. Des 5,548,272 on all products licensed, manufactured, or sold by any licenses of Plaintiff, which embody Plaintiff's patent invention.

40. Defendants have infringed and are still infringing on the 272 Patent by manufacturing, distributing, importing, selling and/or offering for sale the Hannah Montana Talking Poster and Cheetah Girls Talking Poster and/or other Posters which embody the subject matter claimed in the 272 Patent.

41. Defendants have actively induced other to infringe the 272 Patent by the sale, offer for sale, importation, and/or use of Hannah Montana Talking Poster and Cheetah Girls Talking Poster and/or other Posters which embody the subject matter claimed in the 272 Patent.

42. Defendants have sold, distributed, offered to sell, or imported in or into the United States the Hannah Montana Talking Poster and Cheetah Girls Talking Poster knowing or recklessly knowing these toys infringe on the 272 Patent. Thus, Defendants are contributory infringing the 272 Patent by their actions with regard to the Hannah Montana Talking Poster and Cheetah Girls Talking Poster.

43. Defendant Disney has been aware of Plaintiff and the 272 Patent ever since it held discussions with Plaintiff for licensing rights between 1994 and 1996.

44. Defendant Jakks Pacific being a leader within the toy manufacturing, reproduction, and retail selling industry was readily aware of Plaintiff's Patent No. Des. 272 when it was manufacturing, reproducing and or selling the Hannah Montana Talking Poster and Cheetah Girls Talking Poster or was reckless in its manufacturing, reproduction, and retail sales of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, by not knowing of the 272 Patent.

45. Defendant PAT being a leader within the toy manufacturing, reproduction, and retail selling industry was readily aware of Plaintiff's Patent No. Des. 272 when it was manufacturing, reproducing and or selling the Hannah Montana Talking Poster and Cheetah Girls Talking Poster or was reckless in its manufacturing, reproduction, and retail sales of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, by not knowing of the 272 Patent.

46. Defendant KB, being a leader in retail sales of toys, was readily aware of Plaintiff's Patent No. Des. 272 or was reckless in not knowing before distributing the Hannah Montana

Talking Poster and Cheetah Girls Talking Poster that the Talking Posers did not bear any patent license or registration designation.

46a. Defendants BabyUniverse and eToys, being retailers in the sale of toys, was readily aware of Plaintiff's Patent No. Des. 272 or was reckless in failing to make an inquiry and had no reason to believe that Plaintiff was aware or had approved of its use of the Patent No. Des. 272. Defendants BabyUniverse and eToys could have easily ascertained whether the Talking Posters in question were genuine.

47. Defendant Toys R Us, being a leader in retail sales of toys, was made readily aware as early as 2002 to as late as 2003 of Plaintiff's Patent No. Des. 272 before distributing the Hannah Montana Talking Poster and Cheetah Girls Talking Poster and that the Talking Posers did not bear any patent license or registration designation.

47a. Defendant DSI being retailers in the sale of toys was readily aware of Plaintiff's Patent No. Des. 272 or was reckless in failing to make an inquiry and had no reason to believe that Plaintiff was aware or had approved of its use of the Patent No. Des. 272. Defendant DSI could have easily ascertained whether the Talking Posters in question were genuine.

48. Upon information and belief, Defendants had notice of the 272 Patent as early as approximately August 1996.

49. Defendants knew or should have known or were reckless in not knowing that neither the Hannah Montana Talking Poster nor the Cheetah Girls Talking Poster was licensed by Plaintiff.

50. Defendants knew, should have known or were reckless for not knowing that neither the Hannah Montana Talking Poster nor the Cheetah Girls Talking Poster were products bearing a Patent Number designation.

51. Upon information and belief, Defendant Disney had actual notice of the 272 Patent at least as early as August 1996 and as late as 1999.

51b. Upon information and belief, Defendant DSI had actual notice of the 272 Patent at least as early as August 1996 and as late as 1999.

52. This is an exceptional case within the provisions of 35. U.S.C. § 285 and, accordingly, Plaintiff is entitled to an award of reasonable attorney's fees.

53. Plaintiff has suffered monetary damage as a result of Defendants acts complained herein in an amount thus far not determined.

54. Plaintiff had no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## FALSE DESIGNATION OF ORIGIN UNDER § 43(a)
## OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

55. Paragraphs 37-54 of this Complaint are incorporated as if set forth in their entirety here.

56. Defendants aforementioned acts constitute patent infringement in violation of the § 43(a) of the Lanham Act, 15 U.S.C. § 1125(A).

57. Defendants infringement on the 272 Patent constitutes false designation or origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. Defendants use of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent, is likely to cause confusion, to cause mistake, and to deceive the consumer as to the origin, source and sponsorship of the services.

59. Defendants act of placing for sale the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent within the State of Ohio and this judicial district amount to false designation of the origin under 15 U.S.C. § 1125(a) and has been likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

connection, or association of Defendants with the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, or as to the origin, sponsorship, or approval of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster at issue. Plaintiff has no control over the quality of the products sold or advertising by Defendants in association with the Hannah Montana Talking Poster and Cheetah Girls Talking Poster.

60. Defendants' use of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent will mistakenly suggest to consumers that Plaintiff's 272 Patent in some way sponsors or approves Defendants' actions or services, or that the Defendants are affiliated with Plaintiff's 272 Patent.

61. Defendants' use of the Hannah Montana Talking Poster and the Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent constitutes false advertising and a false designation of origin which is likely to deceive consumers. In viewing Defendants' Hannah Montana Talking Poster and the Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent consumers are likely to purchase Defendants' products believing they are affiliated with or approved by Plaintiff's 272 Patent, thereby resulting in a loss to Plaintiff's credibility if and when the consumer becomes disillusioned or disappointed with Defendants' Hannah Montana Talking Poster and Cheetah Girls Talking Poster.

62. Upon information and belief, Defendants false designation of origin was committed with knowledge that such conduct was intended to be used to cause confusion, or to cause mistake, or to deceive.

63. Defendants' infringement of the 272 Patent has caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiff, Plaintiff's 272 Patent, the Hannah Montana Talking Poster and Cheetah Girls Talking Poster sold under the 272 Patent, and to the

business and good will represented thereby, in an amount that cannot be presently ascertained, leaving Plaintiff with no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Defendants' actions demonstrate a willful intent to impinge on the reputation and goodwill associated with Plaintiff's 272 Patent, thereby entitling Plaintiff to recover Defendants' profits, treble damages, costs and reasonable attorney's fees under 15 U.S.C. §§1125(a), 1116 and 1117.

**THIRD CLAIM FOR RELIEF:**
**OHIO DECEPTIVE TRADE PRACTICES ACT**
**O.R.C. § 4165.02**

65. Paragraphs 55-64 of this Complaint are incorporated as if set forth in their entirety here.

66. As a cause of action and ground for relief, Plaintiff alleges deceptive trade practices by Defendants' infringement of Plaintiff's 272 Patent in violation of O.R.C. § 4165.02. Specifically, but without limitation, Defendants have (1) caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of the Hannah Montana Talking Poster and Cheetah Girls Talking Poster, which embody the subject matter claimed in the 272 Patent in violation of O.R.C. § 4165.02; and (2) caused likelihood of confusion or misunderstanding as to its affiliation, connection, or association with, or certification by Plaintiff in violation of O.R.C. § 4165.02, thereby causing Plaintiff immediate and irreparable damage.

67. The nature and likely result of Defendants' deceptive trade practices in infringing on the 272 Patent is to enable Defendants to deceive the public into believing that Plaintiff is a source or sponsor for, or is affiliated or connected with or has approved of Defendants' Hannah Montana Talking Poster and Cheetah Girls Talking Poster.

68. Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by the Honorable Court, will continue to cause great and irreparable injury to Plaintiff and other damage to Plaintiff's business, reputation and good will in its 272 Patent, in an amount that cannot be presently ascertained, leaving Plaintiff no adequate remedy at law. Plaintiff is therefore entitled to injunctive relief and damages under O.R.C. § 4165.03.

69. Defendants' conduct constitutes false or misleading descriptions of fact in its commercial advertising, promotion or sale of its Hannah Montana Talking Poster and Cheetah Girls Talking Poster that misrepresent the nature, characteristics or qualities of Plaintiff's goods. Defendants' conduct therefore constitutes deceptive trade practices that entitle Plaintiff to monetary relief for damages under O.R.C. § 4165.02.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for this Honorable to:

A. Enter judgment that Defendants Disney, Jakks Pacific, PAT, KB, and Toys R Us have infringed U.S. Patent 5,548,272 ("the 272 Patent") and that such infringement has been willful;

A1. Enter judgment that Defendants BabyUniverse and eToys have infringed the 272 Patent and that such infringement has been willful;

A2. Enter judgment that Defendant DSI has infringed the 272 Patent and that such infringement has been willful;

B. Enter judgment that Defendants Disney, Jakks Pacific, PAT, KB, and Toys R Us and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendants, be enjoined from making, using, offering for sale, selling, and/or importing into the United States merchandise that infringe on the 272 Patent;

B1. Enter judgment that Defendants BabyUniverse and eToys and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendants, be enjoined from making, using, offering for sale, selling, and/or importing into the United States merchandise that infringe on the 272 Patent;

B2. Enter judgment that Defendant DSI and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Defendant, be enjoined from making, using, offering for sale, selling, and/or importing into the United States merchandise that infringe on the 272 Patent;

C. Enter judgment that Defendants Disney, Jakks Pacific, PAT, KB, and Toys R Us and its officers, agents, servants, employees, and attorneys and any and all person in active concert or participation with Jakks Pacific be enjoined from inducing infringement of the 272 Patent or contributory infringing the 272 Patent;

C1. Enter judgment that Defendants BabyUniverse and eToys and its officers, agents, servants, employees, and attorneys and any and all person in active concert or participation be enjoined from inducing infringement of the 272 Patent or contributory infringing the 272 Patent;

C2. Enter judgment that Defendant DSI and its officers, agents, servants, employees, and attorneys and any and all person in active concert or participation be enjoined from inducing infringement of the 272 Patent or contributory infringing the 272 Patent;

D. Enter judgment that Defendants Disney, Jakks Pacific, PAT, KB, and Toys R Us have committed acts of false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act.

D1. Enter judgment that Defendants BabyUniverse, and eToys have committed acts of false designation of origin under 15 U.S.C. § 1125(a) of the Lanham Act;

D2. Enter judgment that Defendants BabyUniverse and eToys are liable and have violated 35 U.S.C. §271(a).

D3. Enter judgment that Defendant DSI is liable and has violated 35 U.S.C. §271(a).

E. Enter judgment that Defendants Disney, Jakks Pacific, PAT, KB, and Toys R Us have committed acts of deceptive trade practices under O.R.C. §§ 4165.01 and 4165.02.

E1. Enter judgment that Defendants BabyUniverse and eToys have committed acts of deceptive trade practices under O.R.C. §§ 4165.01 and 4165.02;

E2. Enter judgment that Defendant DSI has committed acts of deceptive trade practices under O.R.C. §§ 4165.01 and 4165.02;

F. Award Plaintiff damages adequate to compensate Plaintiff for Defendants infringement of the 272 Patent, including Plaintiff's profits lost as a result of infringement of the 272 Patent, and the damages be enhanced due to the willfulness of the infringement in accordance with 35 U.S.C§284;

G. Enter judgment that Defendants be ordered to deliver up for destruction all toys in their possession, custody or control that infringe the 272 Patent;

H. This case is exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded their costs and attorney's fees pursuant to 35 U.S.C. §285 and

I. Award Plaintiff such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues that are triable by right to a jury.

Dated: May 7, 2009 Respectfully submitted,

/s/ Brian E. Dickerson_____
Brian E. Dickerson (0069227)
Lead Trial Attorney
Sharlene I. Chance (0070999)
Kevin R. Conners (0042012)
**THE DICKERSON LAW GROUP, P.A.**
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile: (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
kconners@dickerson-law.com
*Attorneys for Plaintiff Aaron Clark*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system upon counsels of record.

/s/ Sharlene I. Chance_____
Sharlene I. Chance (0070999)
*Attorney for Plaintiff Aaron Clark*