# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AARON CLARK,** | Case No. 2:08-CV-982 |
| Plaintiff, | |
| v. | |
| | District Judge John D. Holschuh |
| **THE WALT DISNEY COMPANY; JAKKS PACIFIC, INC.; PLAY ALONG TOYS; KB TOYS; TOYS 'R US; BABYUNIVERSE, INC.; ETOYS DIRECT, INC.; and DISNEY SHOPPING, INC.,** | Magistrate Judge Mark R. Abel |
| Defendants. | |

## MOTION TO DISMISS
## FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY

### (FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7))

Defendants JAKKS Pacific, Inc., Play Along Toys, and Toys "R" Us, Inc. respectfully submit this motion seeking an Order dismissing Plaintiff's first claim for relief for patent infringement asserted against them in the above-entitled action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. The basis for this motion is set forth in the accompanying Memorandum of Law.

Dated: May 18, 2009                                  Respectfully submitted,

By: /s/ *Michael C. Lueder*
Michael C. Lueder
Foley & Lardner LLP
777 E. Wisconsin Ave.
Milwaukee, WE 53202
Tel: (414) 297-4900
Trial Attorney

/s/ *Grant E. Kinsel*
Grant E. Kinsel (Admitted *Pro Hac Vice*)
Michael J. Song (Admitted *Pro Hac Vice*)
Foley & Lardner LLP
555 South Flower St., Suite 3500
Los Angeles, CA 90071
Tel: (213) 972-4500
*Attorneys for JAKKS Pacific, Inc., Play Along Toys, KB Toys, and Toys "R" Us, Inc.*

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants JAKKS Pacific, Inc., Play Along Toys and Toys "R" Us, Inc. (collectively "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff Aaron Clark's ("Clark" or "Plaintiff") claim for patent infringement in the above entitled action pursuant to Fed. R. Civ. P. 12(b)(7).[1]

## I. FACTS

In his Second Amended Complaint, Plaintiff's first claim for relief alleges infringement of U.S. Patent No. 5,548,272 ("the '272 patent" or "patent-in-suit"). Dkt. No. 45 at ¶¶ 37-54. In support of Plaintiff's claim for patent infringement, Plaintiff alleged that "Plaintiff is the *sole owner* of the 272 Patent." *Id.* at ¶ 28 (emphasis supplied). Plaintiff also alleged that "Plaintiff has been and still is the rightful owner of *all* rights, title and interest to the 272 Patent." *Id.* at ¶ 38 (emphasis supplied).[2]

In contrast, the "assignment of license," attached as Exhibit M to the Second Amended Complaint shows that the patent-in-suit was assigned to Plaintiff Aaron Clark *and John Peirano*. Dkt. No. 45-14 at 2-3.[3] In fact, Plaintiff's subsequent discovery responses demonstrate that his allegations regarding sole ownership of the patent-in-suit are false. For example, in response to JAKKS' Interrogatory No. 15, Plaintiff stated that "the patent was assigned to Inotrend, then to

---

[1] Defendants have previously filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which remains pending before this Court. *See* Dkt. No. 11. The memorandum of law in support of the previously-filed motion to dismiss and the instant memorandum of law total less than 20 pages combined, in accordance with S.D. Ohio L.R. 7.2(a)(3).

[2] Plaintiff made similar allegations in its original Complaint and First Amended Complaint. *See* Dkt. No. 2 at ¶¶ 29, 39 (original Complaint); Dkt. No. 28 at ¶¶ 29, 39 (First Amended Complaint)

[3] Plaintiff also attached the "assignment of license" as Exhibit K to the original Complaint and First Amended Complaint. *See* Dkt. No. 2-12 at 3-4; Dkt. No. 28-12 at 3-4.

1

Aaron Clark, then jointly to Aaron Clark and John Peirano." *See* Declaration of Michael J. Song In Support Of Motion To Dismiss ("Song Decl."), Ex. 1. The assignment agreements filed at the U.S. Patent & Trademark Office also confirm that John Peirano ("Peirano") owns an interest in the patent-in-suit. *See* Song Decl., Exs. 2-3. Specifically, the assignment agreement provides that both Clark and Peirano each have "a fifty percent (50%) ownership interest in and to the rights of [the '272 patent]." *See* Song Decl., Ex. 3 at 4. Further, the assignment agreement provides that Clark and Peirano were each assigned "in accordance with the respective percentage ownership set forth above, the entire right, title and interest [of the '272 patent]." *Id.* at 5. Even further, the assignment agreement provides that "individuals John K. Peirano and Aaron D. Clark will **each hold 50% equal share ownership** to [the '272 patent]." *Id.* at 6 (emphasis supplied). In other words, Clark and Peirano are co-owners of the patent-in-suit.

## II.   ARGUMENT

Rule 19(a) of the Federal Rules of Civil Procedure provides:

(1) Required Party: A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: …

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

It is well-settled that a co-owner of a patent is a necessary and indispensable party to an action for patent infringement. *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467-68 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners.")

2

(citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) & *Moore v. Marsh*, 74 U.S. (7 Wall.) 515, 520 (1868)).

Rule 12 of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7)[4]; *see also Ethicon*, 135 F.3d at 1468; *Nartron Corp. v. Borg Indak, Inc.*, No. 06-10683, 2008 U.S. Dist. LEXIS 107745, at *33 (E.D. Mich. March 31, 2008) (granting motion to dismiss), *rev'd on other grounds*, 558 F.3d 1352 (Fed. Cir. 2009); *Merial Ltd. v. Intervet Inc.*, 430 F. Supp. 2d 1357, 1364 (N.D. Ga. 2006) (granting motion to dismiss).

"Further, as a matter of substantive patent law, all co-owners must ordinarily consent to join as plaintiffs in an infringement suit." *Ethicon*, 135 F.3d at 1468; *see also* Donald S. Chisum, 8 *Chisum on Patents: A Treatise on the Law of Patentability, Validity, and Infringement* 21-548 – 21-549 (Matthew Bender & Co. 2005) ("The traditional rule is that all of the co-owners of a patent must join in bringing a suit for infringement. Furthermore, one co-owner cannot join the other owner or owners as involuntary plaintiffs or defendants, even if the latter are subject to the jurisdiction of the court.") (citing cases).

In the instant case, Peirano is a co-owner of the patent-in-suit. *See supra* at Section I. As a co-owner of the patent-in-suit, Peirano is a necessary and indispensable party to this litigation. *See Ethicon*, 135 F.3d at 1467-68. Accordingly, this Court should dismiss Plaintiff's claim of patent infringement for failure to join a necessary and indispensable party. *Id.*

---

[4] None of the defendants have filed an Answer in this case. Defendant KB Toys, Inc. has filed for bankruptcy protection and is therefore protected by an automatic stay. *See* Dkt. No. 10. Defendants JAKKS Pacific, Inc., Play Along Toys, and Toys "R" Us, Inc. have filed a motion to dismiss pursuant to Fed. R. Civ. 12(b)(6). *See* Dkt. No. 11. Defendant The Walt Disney Co. has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). *See* Dkt. No. 16. Defendant Disney Shopping, Inc. has not yet been served with a summons, and thus is not yet under a duty to respond to the Second Amended Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *see also* Fed. R. Civ. P. 4(a)-(c).

### III. CONCLUSION

For all of the reasons stated above, the Court should grant Defendants' motion to dismiss for failure to join a necessary and indispensable party.

Dated: May 18, 2009　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Michael C. Lueder*
　　　　　　　　　　　　　　　　　　　　　　Michael C. Lueder
　　　　　　　　　　　　　　　　　　　　　　Foley & Lardner LLP
　　　　　　　　　　　　　　　　　　　　　　777 E. Wisconsin Ave.
　　　　　　　　　　　　　　　　　　　　　　Milwaukee, WE 53202
　　　　　　　　　　　　　　　　　　　　　　Tel: (414) 297-4900
　　　　　　　　　　　　　　　　　　　　　　Trial Attorney


　　　　　　　　　　　　　　　　　　　　　　/s/ *Grant E. Kinsel*
　　　　　　　　　　　　　　　　　　　　　　Grant E. Kinsel (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　Michael J. Song (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　　　Foley & Lardner LLP
　　　　　　　　　　　　　　　　　　　　　　555 South Flower St., Suite 3500
　　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　　　Tel: (213) 972-4500
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for JAKKS Pacific, Inc., Play Along Toys, KB Toys, and Toys "R" Us, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: May 18, 2009 /s/ Michael J. Song

| | |
|---|---|
| Brian Edward Dickerson<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Upper Arlington , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>bdickerson@dickerson-law.com<br><br>Kevin R Conners<br>5003 Horizons Drive Suite 101<br>Columbus , OH 43220<br>614-562-5877<br>kevinconners@kevinconners.com<br><br>Sharlene I Chance<br>The Dickerson Law Group<br>5003 Horizons Drive<br>Suite 200<br>Columbus , OH 43220<br>614-339-5370<br>Fax: 614-442-5942<br>schance@dickerson-law.com | Attorneys for Plaintiff Aaron Clark |