IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Aaron Clark<br>and John Peirano, | : |
| | :     Civil Action 2:08-cv-00982 |
| Plaintiff | |
| | :     Judge Holschuh |
| v. | |
| | :     Magistrate Judge Abel |
| The Walt Disney Co.,<br>JAKKS Pacific, Inc.,<br>Play Along Toys, | : |
| KB Toys,<br>Amazon.com, and | : |
| Toys "R" Us, | : |
| Defendant | : |

## Discovery Conference Order

On July 1, 2009, counsel for the parties participated in a discovery dispute conference with the Magistrate Judge. During the conference, plaintiffs' unopposed May 27, 2009 motion for leave to file a third amended complaint (doc. 47) was granted and their June 22, 2009 motion for an extension of time to file its supplemental brief regarding the issues remaining on summary judgment (doc. 49) was denied. The discovery dispute was about whether plaintiffs are entitled to additional discovery before responding to defendants' motion for summary judgment.

After considering Michael J. Song's June 25, 2009 letter, Sharlene I. Chance's responsive June 30, 2009 letter, and the arguments of counsel during the conference, I determine that plaintiffs have failed to demonstrate the need for any additional discovery, beyond that defendant JAKKS has agreed to provide, to respond to defendants' motion for

summary judgment on the issues identified in Judge Holschuh's June 19, 2009 Memorandum Opinion & Order (doc. 48).

Two issues remain before Judge Holschuh. The first is how to construe Claims 1 and 5 of the '272 patent. More specifically, Claim 1 of the patent claims an assembly of a poster comprised of a first material and a housing, comprised of a second material, attached to a portion of the surface of the poster. The assembly also includes, concealed between the housing and the first surface of the poster, a speaker and an electric circuit containing sound production componentS attached to the speaker, and, concealed in the housing, a trigger attached to the electric circuit. Claim 1 further provides that the surface of the housing

> is prepared with a matching art which is substantially the same as that area of said poster art which appears on said portion of said poster that said housing covers when said housing is attached to said poster, such that said housing artistically blends in with the surrounding poster art that is not covered by said housing.

(Doc. 48, p. 5.) Claim 5 is for a method of making a talking poster by the steps of using a poster with art on the first surface, human actuatable sound components contained on the poster, a housing secured to a portion of the first surface of the poster which conceals the sound components. The method further consists of

> applying matching art to said housing which is substantially the same as that area of said poster art which appears on said portion of said poster that said housing covers when said housing is attached to said poster, such that said housing artistically blends in with the surrounding poster art that is not covered by said housing[.]

(Doc. 48, p. 6.) Judge Holschuh will construe the Claim 1 and Claim 5 language indented and quoted above. Once Judge Holschuh makes the claims construction, the second issue

2

is whether defendants are entitled to summary judgment on the ground that their posters do not fall within Claims 1 and 5 of the '272 patent because the housing is a solid colored bar that complements the poster but does not have "matching art which is substantially the same as that area of said poster art which appears on said portion of said poster that said housing covers . . . ."

While not conceding relevance, defendant JAKKS has agreed to respond to Interrogatory Nos. 2, 6, 12, and 17, Request for Admission Nos. 2-8, and Request for Production No. 13.  Plaintiffs further seek an order compelling defendant JAKKS to respond to Interrogatory Nos. 7-11, 13 and 16, Request for Admission Nos. 1, 9-20 and 22-23, and Request for Production Nos. 1-5, 10, 12, 15-20, 26-28 and 30-31.  I have reviewed those discovery requests and determined that plaintiffs have failed to demonstrate that responses to any of them would likely be relevant to the issues pending before Judge Holschuh on summary judgment.

The interrogatories mostly seek information about the development and licensing of defendants' talking posters.  Interrogatory No. 8 does ask JAKKS to identify all persons who have knowledge of the facts underlying its defense that the posters do not infringe and the facts supporting that opinion.  However, the motion for summary judgment merely asks the Court to construe the claim language, look at the allegedly infringing posters and determine whether they fall within the claims.  The motion does not rely on persons having knowledge of any facts underlying the defense of non-infringement.  The facts supporting the argument of non-infringement are the posters themselves.

The requests for admissions generally seek admissions about the '272 patent,

3

defendant's knowledge of the patent, defendant's design, manufacture, sale and licensing of their own talking posters, and the like. Request for Admission Nos. 22 and 23 ask JAKKS to admit that without removing the housing of the Hannah Montana poster you cannot tell whether the underlying poster art matches or artistically blends with the housing and that the poster art under its housing "serves no actual function to the claimed patent." While these requests do relate to the issues on summary judgment, defendant's answers to them are not relevant to summary judgment. The poster itself is before the Court. If plaintiffs want, they can provide the Court with a physical Hanah Montana talking poster and with a Hanah Montana poster that has the housing removed.

The requests for production of documents seek documents related to the design, development, engineering specifications, advertising, licensing and marketing of the allegedly infringing talking posters. They also seek documents about defendant's knowledge of the '272 patent, its own efforts to patent the posters, its consideration of whether to obtain a license under any other patent, and any search of the pertinent art. None of the requests are relevant to the issues remaining on summary judgment.

Finally, JAKKS designed and manufactures or causes to be manufactured the allegedly infringing talking posters. None of the other defendants have information relevant to the issues remaining for summary judgment. Plaintiffs' request that defendants Play Along Toys, Toys "R" Us and Disney Shopping, Inc. be required to answer written discovery requests is DENIED.

Defendant JAKKS will respond to plaintiffs' written discovery requests on or before **July 20, 2009.** Plaintiffs' June 22, 2009 motion for an extension of time to file its supple-

mental brief regarding the issues remaining on summary judgment (doc. 49) is DENIED. Plaintiffs have failed to demonstrate that they need additional time to file their supplemental brief. Plaintiffs should go ahead and file their brief on or before **August 3, 2009** as previously ordered.

Plaintiffs' unopposed May 27, 2009 motion for leave to file a third amended complaint (doc. 47) is GRANTED.

s/Mark R. Abel  
United States Magistrate Judge