UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AARON CLARK and JOHN PEIRANO,** | Case No. 2:08-CV-00982 |
| Plaintiff, | |
| v. | Judge Holschuh |
| **THE WALT DISNEY COMPANY; JAKKS PACIFIC, INC.; PLAY ALONG TOYS; KB TOYS; TOYS 'R' US; BABYUNIVERSE, INC.; ETOYS DIRECT, INC.; DISNEY SHOPPING, INC.,** | Magistrate Judge Abel |
| Defendants. | |

# DECLARATION OF GRANT E. KINSEL

# FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

I, Grant E. Kinsel, declare:

1. I make this declaration on the basis of personal knowledge and if called to testify as a witness, I would and could testify competently hereto.

2. Attached as Exhibit "1" is a true and correct copy of Exhibit H to the original Complaint (Dkt. # 2-9), which purports to be U.S. Patent No. 5,548,272, along with excerpts from that patent's file history.

3. Attached as Exhibit "2" are true and correct copies of photographs of the nine (9) posters at issue in the above captioned action, including: (1) Hannah Montana "Bigger Than Us" poster; (2) Hannah Montana "If We Were A Movie" poster; (3) Hannah Montana "Life's What You Make It" poster; (4) Hannah Montana "Make Some Noise" poster; (5) Hannah Montana "Pumpin' Up The Party" poster; (6) Hannah Montana "Who Said" poster; (7) Cheetah Girls "Amigas Cheetahs" poster; (8) Cheetah Girls "The Party's Just Begun" poster; and (9) Cheetah Girls "Do Your Own Thing" poster.

4. Attached as Exhibit "3" is a true and correct copy of email correspondence that I sent to and received from Brian Dickerson, Dickerson Law Group, counsel for Plaintiffs Aaron Clark and John Peirano ("Dickerson"), on November 13, 2008.

5. Attached as Exhibit "4" is a true and correct copy of the Rule 11 Motion I served on Dickerson on November 17, 2008 and a true and correct copy of email correspondence that I sent to and received from Dickerson on November 17, 2008.  Not attached as Exhibit "4" are copies of the Kinsel Declaration and Exhibits referenced in the Rule 11 Motion as these documents have been previously submitted as part of Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. # 11) and some of these documents are currently attached hereto.  *See, e.g.*, Exhibit "1" (U.S. Patent No. 5,548,272).

6. Attached as Exhibit "5" are true and correct copies of the following documents related to Defendants' interrogatories served on Plaintiffs: (1) excerpt of JAKKS' 1st Interrog. [# 1-23] (Feb. 11, 2009); (2) excerpt of Pls.' Resp. JAKKS' 1st Interrog. [# 1-23] (Mar. 13, 2009); (3) letter from myself to Sharlene Chance, Dickerson Law Group, counsel for Plaintiffs Clark and Peirano ("Chance") (Mar. 13, 2009); (4) letter from Chance to myself (Mar. 16, 2009); (5) letter from myself to Magistrate Judge Abel ("Abel") (Mar. 17, 2009); (6) excerpt of Pls.' Suppl. Resp. JAKKS' 1st Interrog. [# 2-5, 7, 13-14 and 22-23] (Apr. 3, 2009); (7) letter from Michael Song, Foley & Lardner LLP, counsel for Defendants ("Song") to Chance (Apr. 7, 2009); (8) letter from myself to Abel (Apr. 14, 2009); (9) letter from Chance to Abel (Apr. 15, 2009); (10) excerpt of Pls.' Suppl. Resp. JAKKS' 1st Interrog. [# 8 and 9] (Apr. 23, 2009); and (11) excerpt of Pls.' 2d Suppl. Resp. JAKKS' 1st Interrog. [#2-5, 12, 13 and 17] (May 18, 2009).

7. Attached as Exhibit "6" are true and correct copies of the following documents related to Defendants' requests for production of documents served on Plaintiffs: (1) excerpt of JAKKS' 1st Req. Produc. Docs. [# 1-60] (Feb. 11, 2009); (2) excerpt of Pls.' Resp. JAKKS' 1st Req. Produc. Docs. [# 1-60] (Mar. 13, 2009); (3) letter from Song to Chance (Apr. 27, 2009); (4) letter from Chance to Song (Apr. 30, 2009); (5) letter from Song to Chance (May 1, 2009); (6) letter from Chance to Song (May 8, 2009); and (7) letter from Chance to Song (June 19, 2009).

8. Attached as Exhibit "7" are true and correct copies of the following correspondence related to Defendants' request for a stay in discovery: (1) letter from Song to Chance (May 13, 2009); (2) letter from Chance to Song (May 15, 2009); (3) letter from Song to Chance (June 23, 2009); and (4) letter from Song to Abel (June 25, 2009).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 7, 2009, at Los Angeles, California.

>  /s/ *Grant E. Kinsel*
>  Grant E. Kinsel

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule 5.2. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: October 7, 2009                                              /s/ Michael J. Song

Brian Edward Dickerson                    Attorneys for Plaintiffs Aaron Clark and John Peirano
The Dickerson Law Group
5003 Horizons Drive
Suite 200
Upper Arlington , OH 43220
614-339-5370
Fax: 614-442-5942
bdickerson@dickerson-law.com

Kevin R Conners
5003 Horizons Drive Suite 101
Columbus , OH 43220
614-562-5877
kevinconners@kevinconners.com

Sharlene I Chance
The Dickerson Law Group
5003 Horizons Drive
Suite 200
Columbus , OH 43220
614-339-5370
Fax: 614-442-5942
schance@dickerson-law.com

Jonthan Rea Secrest
The Dickerson Law Group, P.A.
5003 Horizons Drive
Suite 101
Columbus, OH 43220
614-339-5370
Fax: 614-442-5942
jsecrest@dickerson-law.com