## Kinsel, Grant E.

| | |
|---|---|
| **From:** | Brian Dickerson [BDickerson@dickerson-law.com] |
| **Sent:** | Thursday, November 13, 2008 9:03 AM |
| **To:** | Kinsel, Grant E. |
| **Cc:** | Julie L. Bryan |

**Subject:** RE: Clark/JAKKS

Grant:

I am on the road and will have my office forward the complaint with the attachments. With regard to the time to respond, your client was served wth the waiver in October so per our local rules it would have until mid December to respond. I will have my office forward you the exact date. If you client wishes to make a counteroffer we understand. My client's business offers were provided not as final, and was intended to try to facilitate a resolution, similar to your client's $5,000.00 offer. Will talk to you soon.

Brian

Sent from Handheld Microsoft Device

---

**From:** Kinsel, Grant E. [mailto:GKinsel@foley.com]
**Sent:** Thu 11/13/2008 12:14 PM
**To:** Brian Dickerson
**Subject:** Clark/JAKKS

Brian,

Nice to speak with you this morning.

This confirms our agreement to extend the response date for all defendants. We had agreed on two weeks, but looking now at my calendar, two weeks from today is Thanksgiving. Please let me know if you object to an extension through and including December 1, 2008.

Also, we discussed your providing a color copy of the complaint and the various attachments for our file. We look forward to receiving these.

Finally, as I mentioned, we seem to have strikingly different views on the merits of the this lawsuit. While reasonable minds can certainly differ, I think that your client is going to be extremely hard-pressed to show that JAKKS' products infringe the patent-in-suit. Even if he could make such a showing, which I highly doubt, recoverable damages--even entertaining every assumption in your client's favor--would be nowhere near your client's settlement demand. We truly believe that this case is one that should be immediately settled before the parties incur substantial expenses and before your client becomes responsible for significant attorneys' fees. Therefore, we ask that your client reconsider Mr. Dwyer's previous settlement offer.

In the meantime, we look forward to working with you on this matter.

Regards.

---

Grant Kinsel
Foley & Lardner LLP

**Exhibit 3**

9/15/2009

555 So. Flower Street
35th Floor
Los Angeles, CA 90071
office:  213.972.4615
mobile:  818.235.2312

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**Exhibit 3**

9/15/2009