IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **AARON CLARK, et al.,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| v. | : | Case No.  2:08CV982 |
| | : | |
| **THE WALT DISNEY COMPANY, et al.,** | : | Judge Holschuh |
| | : | |
| *Defendants.* | : | Magistrate Judge Abel |

**PLAINTIFFS AARON CLARK AND JOHN PEIRANO'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS JAKKS PACIFIC, INC.,
PLAY ALONG TOYS, TOYS "R" US AND DISNEY SHOPPING INC.'S
BILL OF COSTS (DOC. 69)**

Now comes Plaintiffs Aaron Clark and John Peirano (collectively "Plaintiffs") by and though undersigned counsel and respectfully submits this Memorandum in Opposition to Defendants JAKKS Pacific, Inc.'s, Play Along Toys, Toys "R" Us and Disney Shopping, Inc.'s ("Defendant JAKKS") Bill of Costs (Doc. 69). The reasons in support of Plaintiffs' Memorandum in Opposition are fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

**THE DICKERSON LAW GROUP, P.A.**

/s/ Brian E. Dickerson
Brian E. Dickerson     (0069227)
Sharlene I. Chance     (0070999)
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile:  (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
*Attorneys for Plaintiffs*

1

**MEMORANDUM IN SUPPORT**

Plaintiffs object to Defendants JAKKS' Bill of Costs as prematurely filed.  S.D. Ohio Civ. R. 54.1 provides:

> Unless otherwise ordered, taxation of costs shall not occur until a final judgment in favor of a party entitled to an award of costs has been entered by the Court. The bill of costs shall be served within fourteen (14) days after the date such judgment becomes final, which ordinarily is the date on which any timely appeal should have been noticed, if one is not taken, or is the date on which the judgment is final after all appeals.

*See also*, *Rashid v. Communications Workers of America*, 2007 WL 315355 (S.D.Ohio Jan 30, 2007).  Final judgment has not been rendered.  Sixth Circuit precedent requires that the Court "must expressly 'direct the entry of a final judgment as to one or more but fewer than all of the claims' in the case." *See*, *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). Federal Rules of Civil Procedure 54(b) provides that a district court can direct the entry of final judgment "only if the court expressly determines that there is no just reason for delay."

On October 9, 2009, a Memorandum Opinion and Order (Doc. 64) and a Judgment (Doc. 65) were entered in favor of Defendants JAKKS.  However, the Court does not indicate that Defendant JAKKS are entitled to costs.  On November 10, 2009, Defendant JAKKS filed a Bill of Costs, requesting filing fees and *pro hac vice* fees totaling $910.00.  In support of the same, Defendant JAKKS states that the Bill of Costs is based on the judgment of October 9, 2009.

However, the filing of Defendant JAKKS' Supplemental Motion for Attorney Fees pursuant to Fed.R.Civ.P. 54, 35 U.S.C. § 285 and 28 U.S.C. §§ 1927 and 1961, renders the judgment in this case non-final, and thus would render Defendant JAKKS' Bill of Costs premature.  Fed.R.App.P. 4(a); *Miltimore Sales, Inc. v. International Rectifier, Inc.*, 412 F.3d 685 (6th Cir. 2005); *Weyant v. Okst*, 198 F.3d 311, 315-16 (2nd Cir. 1999).

2

Furthermore, as the time for appeal has yet to start running, pending this Honorable Court's resolution of Defendant JAKKS' Motions for Sanctions and Combined Motion for Attorney Fees, Plaintiffs' respectfully request this Honorable Court await resolution of the appeal before considering and deciding Defendant JAKKS' Bill of Costs.  *See*, *Sheperd v. Honda of America Mfg., Inc.*, 160 F.Supp.2d 860, 876 (S.D.Ohio Jul 31, 2001) (under Local Rule 54.1, prevailing party not entitled to costs before post-judgment motions and appeals resolved). Additionally, Defendant JAKKS suffers no prejudice until there is a final appealable order and the time to appeal has expired.

Though this Court retains jurisdiction over costs, principles of judicial efficiency and economy dictates that this Court should exercise its reasonable discretion and refrain from considering Defendant JAKKS' request until the resolution of the appeal in this matter.  If Plaintiffs prevail on appeal, then Defendants JAKKS' request for costs will become moot.  If on the other hand, Defendant JAKKS prevail on appeal this Honorable Court can promptly issue an order on Defendant JAKKS' request for costs.

**WHEREFORE**, Pursuant to S.D. Ohio Civ. R. 54.1, Plaintiffs respectfully opposes any award of costs until all post-judgment motions and appeals have been resolved.  *See*, *Shepard*, 160 F.Supp.2d at 876.  Plaintiffs request this Honorable Court deny Defendant JAKKS' Bill of Costs without prejudice to renewal subsequent to any appeal of this Court's decision on Defendant JAKKS' post judgment motions.

Respectfully submitted,

**THE DICKERSON LAW GROUP, P.A.**

/s/ Brian E. Dickerson
Brian E. Dickerson     (0069227)
Sharlene I. Chance     (0070999)
5003 Horizons Drive, Suite 101
Columbus, OH 43220
Telephone: (614) 339-5370
Facsimile:  (614) 442-5942
bdickerson@dickerson-law.com
schance@dickerson-law.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2009, I filed electronically the foregoing document with the Clerk of the court using the CM/ECF system upon counsels of record.

/s/ Sharlene I. Chance
Sharlene I. Chance     (0070999)
*Attorney for Plaintiffs*