EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON CLARK, et al., | : | |
| | : | |
| *Plaintiffs,* | : | |
| v. | : | Case No. 2:08CV982 |
| | : | |
| THE WALT DISNEY COMPANY, et al., | : | Judge Holschuh |
| | : | |
| *Defendants.* | : | Magistrate Judge Abel |

DECLARATION OF CRAIG A. NARD

STATE OF OHIO        )
                     )SS
COUNTY OF CUYAHOGA   )

Craig A. Nard, being first duly cautioned and sworn, states the following:

I.    BACKGROUND INFORMATION

1.    I am the Tom J. E. and Bette Lou Walker Professor of Law at Case Western Reserve University School of Law in Cleveland, Ohio, as detailed in my curriculum vitae, which is attached as Appendix A. I also currently serve as a Senior Lecturer at the World Intellectual Property Organization ("WIPO") Academy, University of Torino, Italy. Prior to my present position, I served as an Assistant Professor and then Associate Professor at Marquette University Law School from 1997-2002. I also served as a Judicial Clerk to the Hon. Helen Nies, United States Court of Appeals for the Federal Circuit from 1995-1996 and then as Judicial Clerk to the Hon. Giles Rich, United States Court of Appeals for the Federal Circuit in 1996. Prior to my time at the Federal Circuit, I was an Associate Attorney, at Richards Medlock & Andrews (now Sidley

DECLARATION OF CRAIG A. NARD

& Austin), an intellectual property firm in Dallas, Texas. I am licensed to practice law in the State of Texas and before the United States Patent & Trademark Office.

2.      As an associate attorney, law clerk to the U.S. Court of Appeals for the Federal Circuit, professor of law at Marquette and professor of law at Case Western Reserve University Law School, and as Lecturer at WIPO Academy at University of Torino, Italy, I have had extensive experience in the doctrine and policy of patent law.

3.      I consulted with Plaintiffs Aaron Clark ("Plaintiff Clark") and John Peirano ("Plaintiff Peirano") (collectively "Plaintiffs") and Brian E. Dickerson ("Mr. Dickerson") in the drafting of the claim construction of the Memorandum in Opposition to JAKKS Pacific, Inc.'s ("Defendant JAKKS") Motion for Summary Judgment.

4.      I have been asked by Plaintiffs and Mr. Dickerson to address Defendant JAKKS Motion for Attorney's Fees pursuant to § 285.

II.     THE LAW RELATING TO THE AWARD OF ATTORNEY FEES

5.      Under the patent code, a district court has the power to award "reasonable attorney fees" in "exceptional cases." 35 U.S.C. § 285. The Federal Circuit has stated that "[a]mong the types of conduct which can form a basis for finding a case exceptional are willful infringement, inequitable conduct before the P.T.O., misconduct during litigation, vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989); *Brooks Furniture Mfg. v. Dutailier Intern., Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) ("A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. 11, or like infractions."). Moreover, "[a]bsent

2

misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks*, 393 F.3d at 1381.

6.   A party moving for attorney fees must show that the aforementioned conduct is supported by clear and convincing evidence. *Beckman*, 892 F.2d at 1551.

### III. ANALYSIS OF PATENT-IN-SUIT

7.   In May 2009, I was contacted and retained as a consulting expert by Mr. Dickerson to review Defendant JAKKS' Motion to Dismiss and to confirm whether Plaintiffs had a legitimate argument to proceed with the infringement case. Based on my experience, review of the motions, the patent at issue and prosecution history, I advised Mr. Dickerson there was a sufficient basis to continue prosecuting the infringement case.

8.   I have reviewed the U.S. Patent No. 5,548,272 ("the '272 patent"), which I am aware from reviewing the pleadings, is at issue in this litigation. That patent is directed to a talking poster that projects a recorded sound using a housing unit that is attached anywhere on the poster with material that is painted to match the color scheme of the underlying poster art. The housing unit is a plastic blister pack material that is painted with a portion of the artwork from the poster with the sound hardware concealed within it. Plaintiffs' claimed invention contemplated the use of artwork on the housing unit that blended with the artwork on the surrounding poster art.

9.   Based on my reading of the Motion to Dismiss, I understand Defendant JAKKS in the above action have denied infringement of the claims, and particularly Claims 1 and 5 of the '272 patent. The limitation, which I understand is in dispute between Plaintiffs and Defendant JAKKS, is the "wherein" clause of Claims 1 and 5. This clause in Claim 1 reads:

Wherein a surface of said housing is prepared with a matching art which is substantially the same as that area which appears on said portion of said poster that said housing covers when said housing is attached to said poster, such that said housing artistically blends in with the surrounding poster art that is not covered by said housing.[1]

10. I have reviewed the respective motions filed by the Plaintiffs and Defendant JAKKS and note that Defendant JAKKS asserts that the housing unit must be prepared so that it matches the art that is covered by the housing and that the claim language of the '272 patent "compels this result when it requires the housing surface to be prepared with 'matching art' that is 'substantially the same' as the area of the poster that the 'housing covers.'" Doc. 11, at 7.

11. Based on my background and experience, my review of the claim language resulted in a different interpretation. The language in Claims 1 and 5, which places the limitation in context, provides that "said housing artistically blends in with the surrounding poster art that is not covered by said housing." When I interpreted this language, I concluded a good argument could be made that this "wherein" limitation means that the color, finish, and surface of the housing unit forms a harmonious visual effect ("artistically blend in") with the surrounding poster art and not with the art directly underneath the housing unit.

12. My review of the prosecution history of the '272 Patent also revealed that there was nothing present that limited the "wherein" limitation of Claims 1 and 5 of the '272 patent in the manner in which Defendant JAKKS contended in its Motion to Dismiss. The word "camouflaged" referenced in the prosecution history refers to the artwork that "artistically blend in" with the surrounding poster art and has nothing to do with whether the artwork on the housing unit matches the artwork of the poster.

---

[1] Claim 5 has identical language with the exception of the opening words: "Wherein a surface of said house is prepared with a matching art which is…"

4

13.     I advised Mr. Dickerson that even if the term "camouflaged" was interpreted in the manner suggested by Defendant JAKKS' the language of the prosecution history provided that this is just one example of how the artwork can be used and an good argument can be made that this language does not limit the claim language at issue to a single example of an embodiment.

IV.   **CONCLUSION**

14.     Based on my background and experience with claim construction and liability, my review of the arguments raised by Defendant JAKKS, Plaintiffs' '272 patent and the prosecution history, I advised Plaintiffs and Mr. Dickerson that there was reasonable basis to proceed forward with prosecuting the infringement claims.

15.     If the court agreed with Plaintiffs' interpretation, the likelihood that Defendant JAKKS would have been found to have infringed would have been enhanced.  Given the reasonableness of Plaintiffs' construction, the Court's adoption of Defendant JAKKS' proposed construction does not lead to the conclusion that the present litigation was objectively baseless, somehow the product of "vexatious or unjustified litigation," or violative of Rule 11.

16.     Based on my background and experience and my review of the record in the present case, I believe that Plaintiffs acted in good faith and did not engage in the type of conduct that would warrant a finding this case is exceptional under § 285 and the subsequent award of attorney fees.  Plaintiffs neither engaged in "vexatious or unjustified litigation" nor in "conduct that violates" Rule 11 of the Federal Rules of Civil Procedure.  Furthermore, Plaintiffs did not bring the present litigation "in subjective bad faith" and the merits of the litigation were not "objectively baseless."

17.     Accordingly, it is my opinion that Plaintiffs did not engage in conduct that would render the present case exceptional under § 285.

5

18. I declare under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge and belief.

FURTHER DECLARANT SAYETH NOT.

_7 Dec 09_
DATE

_/s/ Craig A. Nard_
CRAIG A. NARD

# APPENDIX A

### CRAIG ALLEN NARD
Tom J.E. and Bette Lou Walker Professor of Law
Founding Director, Center for Law, Technology & the Arts

## JUDICIAL ASSISTANT, CONSULTANT AND TESTIFYING EXPERT SINCE 2004

### EXPERT JUDICIAL ASSISTANT

I was appointed an "expert judicial assistant" by U.S. District Court Judge Lynn Adelman in the cases listed below. In this capacity, I counseled Judge Adelman on issues relating to claim construction and liability.

Cooper Industries v. ASEA Brown and ABB, Inc. (E.D. Wisconsin 2005)

National Graphics v. Digital Replay and Travel Tags (E.D. Wisconsin 2005)

### CONSULTANT

Purdue Pharma L.P. v. Endo Pharmaceuticals, Inc. (S.D.N.Y 2004) (retained by Purdue Pharma to work on litigation strategies and brief writing) (Counsel: Skadden, New York City)

Vita-Mix v. Back to Basics (N.D. Ohio 2008) (retained by Vita-Mix to draft portions of appellate brief to Federal Circuit) (Counsel: McDonald Hopkins, Cleveland)

### TESTIFYING EXPERT

Smith & Nephew v. Synthes, Inc. (W.D. Tenn. 2005) (hired by Smith & Nephew to testify on issues regarding patent prosecution) (Counsel: Kilpatrick Stockton, Atlanta)

In re Katz Interactive Call Processing Litigation (C.D. Cal. 2008) (retained by Cox Communications) (Counsel: Kilpatrick Stockton, Atlanta)

<u>CURRICULUM VITAE</u>

<u>CRAIG ALLEN NARD</u>
Tom J.E. and Bette Lou Walker Professor of Law
Founding Director, Center for Law, Technology & the Arts
Secondary Appointment, Weatherhead School of Management

## CONTACT INFORMATION

Case Western Reserve University School of Law
11075 East Boulevard
Cleveland, Ohio 44106
216.368.6348 (office)
216.368.2086 (fax)
craig.nard@case.edu

## COURSES TAUGHT

- Patent Law
- Intellectual Property Survey
- Advanced Patent Law & Policy
- IP Management and Commercialization (*cross-listed with School of Management*)

## PUBLICATIONS - Articles

*Legal Forms and the Common Law of Patents*, 90 BOSTON UNIVERSITY LAW REVIEW — (2010) (forthcoming) (SSRN: http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1396679)

*Institutional Choice and Interest Groups in the Development of American Patent Law: 1790-1870*, 19 SUPREME COURT ECONOMIC REVIEW — (2011) (forthcoming) (with A. Morriss) (Peer-Reviewed) (SSRN: http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1262970)

*Rethinking Patent Law's Uniformity Principle*, 101 NORTHWESTERN LAW REVIEW 1619 (2007) (with J. Duffy)

*Constitutionalizing Patents: From Venice to Philadelphia*, 2 REVIEW OF LAW & ECONOMICS 223 (2006) (with A. Morriss) (Peer-Reviewed)

*Invention, Refinement, and Patent Claim Scope: A New Perspective on the Doctrine of Equivalents*, 93 GEORGETOWN LAW JOURNAL 1947 (2005) (with M. Meurer)

*Patent Policy Adrift in a Sea of Anecdote: A Reply to Lichtman*, 93 GEORGETOWN LAW JOURNAL 2033 (2005) (with M. Meurer)

*In Defense of Geographic Disparity*, 88 MINNESOTA LAW REVIEW 221 (2003); reprinted in 34 INTERNATIONAL REVIEW OF INDUSTRIAL PROPERTY AND COPYRIGHT LAW 907 (2003)

C<span>RAIG</span> A<span>LLEN</span> N<span>ARD</span>  2
C<span>URRICULUM</span> V<span>ITAE</span>

---

## PUBLICATIONS - Articles, cont.

*Toward a Cautious Approach to Obeisance: The Role of Scholarship in the Federal Circuit's Patent Law Jurisprudence*, 39 H<span>OUSTON</span> L<span>AW</span> R<span>EVIEW</span> 667 (2002) (Solicited)

*Process Considerations in the Age of Markman and Mantras*, 2001 I<span>LLINOIS</span> L<span>AW</span> R<span>EVIEW</span> 355 (Solicited)

*A Theory of Claim Interpretation*, 14 H<span>ARVARD</span> J<span>OURNAL OF</span> L<span>AW</span> & T<span>ECHNOLOGY</span> 1 (2000); reprinted in F<span>OUNDATIONS OF</span> I<span>NTELLECTUAL</span> P<span>ROPERTY</span> L<span>AW</span> (Foundation Press 2004 — R. Merges & J. Ginsburg, eds.)

*Certainty, Fence Building, and the Useful Arts*, 74 I<span>NDIANA</span> L<span>AW</span> J<span>OURNAL</span> 759 (1999)

*Legitimacy and the Useful Arts*, 10 H<span>ARVARD</span> J<span>OURNAL OF</span> L<span>AW</span> & T<span>ECHNOLOGY</span> 515 (1997)

*Deference, Defiance, and the Useful Arts*, 56 O<span>HIO</span> S<span>TATE</span> L<span>AW</span> J<span>OURNAL</span> 1415 (1995)

*Empirical Legal Scholarship: Reestablishing a Dialogue Between the Academy and Profession*, 30 W<span>AKE</span> F<span>OREST</span> L<span>AW</span> R<span>EVIEW</span> 347 (1995)

*Conception and the "On-Sale" Bar*, 34 W<span>ILLIAM</span> & M<span>ARY</span> L<span>AW</span> R<span>EVIEW</span> 393 (1993) (with D. Carstens)

*The Patent Process Amendments Act: The Labyrinth*, 3 F<span>ORDHAM</span> I<span>NTELLECTUAL</span> P<span>ROPERTY</span> L<span>AW</span> J<span>OURNAL</span> 441 (1993) (with D. Hitchcock)

CRAIG ALLEN NARD  3
CURRICULUM VITAE

## PUBLICATIONS - Books and Chapters

THE LAW OF PATENTS (Aspen Publishing 2008)

NARD & WAGNER'S PATENT LAW, CONCEPTS AND INSIGHTS (Foundation Press 2007) (w/ R.P. Wagner)

THE LAW OF INTELLECTUAL PROPERTY (Aspen Publishing 2d - 2008) (with Barnes & Madison)

FOUNDATIONS OF INTELLECTUAL PROPERTY LAW (Kluwer Law International 2006 – 2nd ed) (with S. Halpern and K. Port)

*United States: Patents*, chapter in ENCYCLOPEDIA OF THE LAWS OF THE WORLD (Kluwer Law International 1999)

## ESSAYS

*Intellectual Property (IP) Management: Organizational Processes and Structures, and the Role of IP Donations*, 33 J. TECH. TRANSFER 549 (2008) (with B. Carlsson, J. Glass, M. Dumitriu, and R. Barrett)

*In Memoriam — Howard B. Eisenberg*, 86 MARQUETTE LAW REVIEW 359 (2002)

*The DMCA's Anti-Device Provisions: Impeding the Progress of the Useful Arts?* 8 WASHINGTON UNIVERSITY JOURNAL OF LAW & POLICY 19 (2001) (Solicited)

## JUDICIAL CLERKSHIPS

1996          Hon. Giles S. Rich, United States Court of Appeals for the Federal Circuit, Washington, D.C.

1995-96       Hon. Helen W. Nies, United States Court of Appeals for the Federal Circuit, Washington, D.C.

CRAIG ALLEN NARD  4
CURRICULUM VITAE
_____


# EDUCATION

**Columbia University School of Law, New York, NY**
J.S.D., May 1999
LL.M., May 1995
Julius Silver Fellow in Law, Science, & Technology, 1994-95


**Capital University Law and Graduate Center, Columbus, OH**
J.D., May 1990
*Law Review*, Articles Editor


**Washington & Jefferson College, Washington, PA**
B.S., Chemistry, 1987


# EMPLOYMENT

| | |
|---|---|
| 2005-Present | Tom J.E. and Bette Lou Walker Professor Law, Case Western Reserve University School of Law, Cleveland, OH |
| 2003-Present | Senior Lecturer, World Intellectual Property Organization Academy, University of Torino, Italy |
| 2002-2005 | Professor of Law and Director, Center for Law, Technology and the Arts, Case Western Reserve University School of Law, Cleveland, OH |
| 2000-2002 | Associate Professor, Marquette University Law School, Milwaukee, WI |
| 1997-2000 | Assistant Professor, Marquette University Law School, Milwaukee, WI |
| 1996-97 | Visiting Associate Professor, Rutgers University School of Law, Camden, NJ (3 semesters) |

CRAIG ALLEN NARD                                                                                                    5
CURRICULUM VITAE
_____

**EMPLOYMENT, cont.**

1996            Judicial Clerk, Hon. Giles S. Rich, United States Court of Appeals for the
                Federal Circuit, Washington, D.C.


1995-1996       Judicial Clerk, Hon. Helen W. Nies, United States Court of Appeals for the
                Federal Circuit, Washington, D.C.


1993-94         Visiting Associate Professor, Texas Wesleyan University School of Law,
(5 semesters)       Ft. Worth, TX


1990-92         Associate Attorney, Richards, Medlock, & Andrews (now Sidley & Austin),
                Dallas, TX



**NATIONAL AND REGIONAL COMMITTEES**

Principal Advisor, Center for Studies and Research in Intellectual Property, Calcutta, India


Vice-Chair, IP Section of Administrative Law Section, American Bar Association (2006-07)


Member, Northern District of California Advisory Committee on Model Patent Jury Instructions
        Appointed by Judge Ronald M. Whyte, Northern District of California (2005)


National Institutes of Health review committee for RFA regarding patent law and genomics
        research (invited by National Human Genome Research Institute) (2004)



**BAR MEMBERSHIPS**

State Bar of Texas

Licensed to practice before the United States Patent & Trademark Office

** Speeches and lectures at law schools and legal institutions omitted