**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON CLARK, et al.,** | : | |
| | : | |
| *Plaintiffs,* | : | |
| **v.** | : | **Case No. 2:08CV982** |
| | : | |
| **THE WALT DISNEY COMPANY, et al.,** | : | **Judge Holschuh** |
| | : | |
| *Defendants.* | : | **Magistrate Judge Abel** |

<u>**DECLARATION OF SHARLENE I. CHANCE**</u>

STATE OF OHIO       )
                         )SS
COUNTY OF FRANKLIN  )

Sharlene I. Chance, being first duly cautioned and sworn, states the following:

1.      I am an Associate of The Dickerson Law Group, P.A., with offices in Columbus, Ohio and Naples, Florida. My practice includes White Collar criminal and civil defense, Intellectual Property, Personal Injury, Medical Malpractice and Criminal Law.

2.      Brian E. Dickerson is the lead attorney involved in the representation of Plaintiffs Aaron Clark ("Plaintiff Clark") and John Periano ("Plaintiff Periano") (collectively "Plaintiffs") in the above-captioned case.

3.      I am one of the attorneys at Dickerson Law Group involved in the representation of Plaintiffs in the above-captioned case. I was involved in the case law research, review, analysis and interpretation of Plaintiffs' U.S. Patent No. 5,548,272, which is entitled "Talking Poster" ("the '272 patent"), both before and after Plaintiffs brought suit against Defendants JAKKS Pacific, Inc., Play Along Toys, Toys "R" Us and Disney Shopping, Inc. ("Defendant

Dockets.Justia.com

JAKKS").  I have personal knowledge of the facts set forth herein and if called to testify, could competently swear to the following:

4.      Before filing suit, I independently reviewed the '272 patent (to ascertain the description of the invention, how the invention was built and how it works) and Defendant JAKKS' products accused of infringement.

5.      Before filing suit, I independently conducted case law research as it pertained to the law of patent infringement, the elements of patent infringement, and the types of infringement (i.e. indirect infringement, contributory infringement, and induced infringement).

6.      Before filing suit, I independently visited the following website to determine if Defendants JAKKS made, used, sold, offered to sell, or imported the accused posters within the State of Ohio:   www.kbtoys.com;   www.disneyshopping.go.com;   www.amazon.com; www.shopping.aol.com; www.toysrus.com; and www.playalongtoys.com.

7.      Before filing suit, I compared Plaintiffs' 272 Patent to Defendant JAKKS' Hannah Montana's "Who Said" (*See*, page 4 of Appendix 1) "Bigger Than Us" (*See*, page 1 of Appendix 1) and "Make Some Noise" (*See*, page 4 of Appendix 1) Talking Poster and determined that these posters had major elements described in the summary of Plaintiffs invention and thus infringed on Plaintiffs' '272 patent.  *See*, accused posters attached hereto as Appendix 1, pages 6, 1, and 4 respectively.  My independent pre-suit investigation confirmed the conclusions reached by Plaintiffs and Mr. Dickerson.

8.      Attached to the Hannah Montana's "Who Said" (*See*, page 4 of Appendix 1) (*See*, page 1 of Appendix 1) and "Make Some Noise" (*See*, page 4 of Appendix 1) Talking Poster is a housing unit made of plastic material.  One can push a button and hear a pre-recorded sound.  In the case of the Hannah Montana's "Who Said" "Bigger Than Us" and "Make Some Noise"

2

Talking Poster, the pre-recorded sound/message was that of her hit songs and phrases from her television show.

9.     After reviewing and analyzing Claim 1 of the '272 Patent with, for example, Hannah Montana "Bigger Than Us" Talking Poster (*See*, page 1 of Appendix 1), I concluded the elements of Claim 1 were present in the accused device.

10.     Claim 1 provides:

An assembly, comprising

a poster comprised of first material, said poster having a first surface, said first surface including poster art thereon;

a housing comprised of a second material, said housing attached to a portion of said first surface of said poster;

a speaker concealed between said housing and said first surface of said poster;

an electric circuit including a sound production component, operatively connected to said speaker and concealed between said housing and said first surface of said poster;

a trigger attached to said electric circuit and concealed within said housing, said trigger adapted to be actuated through said housing to produce said sound;

wherein a surface of said housing is prepared with a matching art which is substantially the same as that area of said poster art which appears on said portion of said poster that said housing covers when said housing is attached to said poster, such that said housing artistically blends in with the surrounding poster art that is not covered by said housing.

11.     Based on my independent analysis and case law research, I concluded that the Hannah Montana "Bigger Than Us" Talking Poster (*See*, page 1 of Appendix 1) infringed on Plaintiffs '272 patent. The "Bigger Than Us" Talking Poster consisted of a poster with a printed image, with a plastic turquoise housing unit affixed to the bottom of the underlying poster; the

housing unit which had speaker holes on both sides and a speaker concealed inside.  Upon taking the housing unit apart, the unit only had one speaker inside even though the housing unit itself had the appearance of two speakers.  Furthermore, the housing unit on the Hannah Montana "Bigger Than Us" Talking Poster is colored to match and artistically blend in with the surrounding poster art.  For example, the housing unit is turquoise in color and blends perfectly with (a) the "Part Time Pop Star" heading on the first material; (b) the center of the background of the Hannah Montana logo; and (c) the turquoise top worn under the brown sweater by the character on the left of the first material.

12.     The claims of the '272 patent, specifically Claims 1 and 5, were present in Defendant JAKKS' infringing product.   My pre-filing investigation led me to reasonably conclude that the Hannah Montana "Bigger Than Us" Talking Poster infringed on Plaintiffs' '272 patent.

13.     Furthermore, based on my independent analysis and case law research, I concluded that the Hannah Montana "Make Some Noise" (*See*, page 4 of Appendix 1) Talking Poster infringed on Plaintiffs' '272 patent.  The "Make Some Noise" Talking Poster consisted of a poster with a printed image, with a plastic lavender housing unit affixed to the bottom of the underlying poster; the housing unit which had speaker holes on both sides and a speaker concealed inside.  Similar to the Hannah Montana "Bigger Than Us" (*See*, page 1 of Appendix 1) Talking Poster, the housing unit only had one speaker inside even though the housing unit itself had the appearance of two speakers.  Additionally, the housing unit on the Hannah Montana "Make Some Noise" Talking Poster is colored to match and artistically blend in with the surrounding poster art.  For example, the housing unit is lavender in color and blends perfectly with (a) the large swirl area to the top right of the image; (b) the interior color of the "Montana"

4

logo; and (c) the starbursts throughout the background of the poster art. Additionally, the housing unit had gold glitter embedded in the plastic second piece. The gold glitter matched the character's metallic jacket, sequins in her top and her gold belt.

14.     The claims of the '272 patent, specifically Claims 1 and 5, were present in Defendant JAKKS' infringing product. My pre-filing investigation led me to reasonably conclude that the Hannah Montana "Make Some Noise" Talking Poster infringed on Plaintiffs' '272 patent.

15.     My legal analysis determined that literal infringement requires that each and every limitation set forth in Claims 1 and 5 appear in the accused product. In order to be able to prove direct infringement by Defendant JAKKS, Plaintiffs had to establish by a preponderance of the evidence that one or more claims of the patent read on the accused device literally or under the doctrine of equivalents. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1310 (Fed. Cir. 2005); *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001); *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004).

16.     Literal infringement required that the relevant structure in Defendant JAKKS' accused device perform the identical function recited in Claims 1 and 5 and be identical or equivalent to the corresponding structure in the specification. *Frank's Casing*, 389 F.3d at 1378; *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1267 (Fed. Cir. 1999).

17.     Based on my case law review, I also concluded that if this Honorable Court did not determine that Defendant JAKKS' accused device did not literally infringe on Plaintiffs' '272 patent then under the doctrine of equivalents, the equivalent structure of the accused device

performed the claimed function in substantially the same way to achieve substantially the same result.

18.     For the above reasons, I concluded that, more likely than not, Defendant JAKKS was selling a product that met the terms of Claims 1 and 5 of the '272 patent.

19.     The above confirms that prior to instituting this patent infringement suit I conducted an investigation into the merits of the claim of infringement and spoke at length with Plaintiffs and Mr. Dickerson.  I also conducted an independent analysis of the patent claims and a comparison of the construed claims to the accused product.  I applied the claims of the '272 patent of the lawsuit to the accused posters and concluded that there is a reasonable basis for a finding of infringement of claims 1 and 5 of the '272 patent.

20.     I satisfied the requirements of Rule 11 by conducting a reasonable inquiry into the law and facts before filing suit.  The claims contained in the lawsuit were not frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. I interpreted Claims 1 and 5 of the '272 patent and compared the accused posters with Claims 1 and 5 before filing a claim alleging infringement.

21.     I declare under penalty of perjury that the foregoing declaration is true and correct to the best of my knowledge and belief.

FURTHER DECLARANT SAYETH NOT.

December 9, 2009

_____
DATE

_____
SHARLENE I. CHANCE



Hannah Montana "Bigger Than Us" Singing Poster

**APPENDIX 1**



Hannah Montana "If We Were A Movie" Singing Poster



Hannah Montana "Life's What You Make It" Singing Poster

3



Hannah Montana "Make Some Noise" Singing Poster

4



Hannah Montana "Pumpin' Up The Party" Singing Poster



Hannah Montana "Who Said" Singing Poster



Cheetah Girls "Party's Just Begun" Singing Poster



Cheetah Girls "Amigas Cheetahs" Singing Poster



Cheetah Girls "Do Your Own Thing" Singing Poster