# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **AARON CLARK and JOHN PEIRANO,**<br><br>        **Plaintiffs**<br><br>        v.<br><br>**THE WALT DISNEY COMPANY, et al**<br><br>        **Defendants.** | Case No. 08 cv 0982<br><br>Hon. John D. Holschuh |

**JAKKS PACIFIC, INC.'S REPLY IN SUPPORT OF BILL OF COSTS**

REPLY IN SUPPORT OF BILL OF COSTS

72341-0001/LEGAL17376840.1

- 2 -

## 1. Introduction

JAKKS Pacific, Inc. ("JAKKS") respectfully submits that its Bill of Costs should be granted in its entirety. Plaintiffs filed an objection to the Bill of Costs on December 1, 2009, but did not object to *any* particular entry in the Bill of Costs, thereby conceding that all of JAKKS' requested costs are appropriate and recoverable. Instead of objecting to any particular entries, Plaintiffs claim that the Court's entry of Judgment on October 9, 2009 is not final because of the pendency of JAKKS' Motion for Attorneys' Fees, and, therefore, the Bill of Costs should be denied pending the motion. Plaintiffs' argument is a smorgasbord of improperly cited law and *non sequiturs*. JAKKS' Bill of Costs should be granted in its entirety.

## 2. Judgment is Final and Plaintiffs Failed to Timely Appeal

Neither the pendency of JAKKS' Attorneys' Fees Motion, nor the Plaintiffs' threatened appeal render the Bill of Costs premature. As to the Motion for Attorneys' Fees, the United States Supreme Court has clearly held that a request for attorneys' fees is collateral to a decision on the merits, and, therefore, does not render a judgment non-final. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-203 (1988). The Sixth Circuit follows this rule. *Gnesys, Inc. v. Greene*, 437 F.3d 482, 487-8 (6th Cir. 2006) (decision on attorneys' fees generally is not necessary for judgment to be final, even if attorneys' fees are part of claimed damages). Thus, notwithstanding JAKKS' Motion for Attorneys' Fees, the October 9, 2009 judgment is now final, and JAKKS' Bill of Costs was timely under Local Rule 54.1.

Plaintiffs' threat to appeal is also misplaced, as Plaintiffs missed their deadline to appeal. Federal Rule of Appellate Procedure 4(a) required Plaintiff to file his notice of appeal within *thirty days* after the judgment was entered. The Court entered judgment on October 9, 2009, and

therefore, notwithstanding JAKKS' Motion for Attorneys' Fees, Plaintiffs were required to file a notice of appeal on or before November 8, 2009. Local Rule 54.1 required JAKKS to file its Bill of Costs within fourteen days of November 8, 2009. JAKKS' filed its Bill of Costs on November 10, 2009, well within the time limits required by Local Rule 54.1.

Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) did not extend Plaintiffs' time to appeal. Under that rule, a motion for "attorney's fees under Rule 54" will extend the time to file an appeal, if *but only if* "the district court extends the time to appeal under Rule 58." The Plaintiff has neither requested, nor has the Court extended, the time to file an appeal under Rule 58. Indeed, even construing Plaintiffs' opposition to the Bill of Costs as a request to extend the time to appeal under Rule 58, Plaintiffs' failure to make this request before the time to appeal expired, precludes Plaintiffs from requesting such an extension now. *See Robinson v. City of Harvey,* 489 F.3d 864 (7th Cir. 2007) (rejecting request to extend time to appeal under Rule 58 made after appeal period expired); *Mendes Junior Int'l Co. v. Banco De Brasil*, 215 F.3d 306 (2nd Cir. 2000) (same). In short, the time for Plaintiffs to appeal has expired and cannot be revived.[1] JAKKS Bill of Costs, therefore, is timely and should be entered.

Plaintiffs also make a sideways reference to Rule 54(b) as somehow being relevant here. Rule 54(b) permits a court to direct entry of a final order as to a subset of claims or parties when multiple claims or parties are involved. Thus, if a summary judgment disposed of claims against only some of the defendants, Rule 54(b) permits a court to enter a final judgment as to the limited group of defendants. Here, judgment was entered on behalf of **_all_** Defendants. Rule 54(b) has nothing to do with anything here.

---

[1] Indeed, even a request under Appellate Rule 4(a)(5) is untimely at this point because a motion to extend based on excusable neglect must be made within sixty days from entry of judgment, which expired on December 8, 2009.

- 4 -

## 3.     Conclusion

In short, like all of Plaintiffs' substantive claims, Plaintiffs' objections to JAKKS' Bill of Costs are non-sense.  JAKKS' Bill of Costs should be granted in its entirety.

Dated: December 10, 2009                               Respectfully submitted,

/s/ Grant E. Kinsel
Grant E. Kinsel CA Bar No. 172407
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
310.788.3215
Attorneys for Defendant
JAKKS PACIFIC, INC.

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system upon counsels of record.

/s/ Grant E. Kinsel
Grant E. Kinsel (172407)
***Attorney for Defendants***
Perkins Coie LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
(310) 788-9900
(310) 788-3399
Gkinsel@perkinscoie.com
